UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CRAIG ANDRE DUNN,

                        Plaintiff,

                                                            **REPORT AND**
            -against-                                       **RECOMMENDATION**

COMMISSIONER OF SOCIAL                                       13 Civ. 4398 (KMK)(JCM)
SECURITY,

                        Defendant.
------------------------------------------------------------X

To the Honorable Kenneth M. Karas, United States District Judge:


        Plaintiff Craig Andre Dunn ("Plaintiff"), appearing *pro se*, commenced this action

pursuant to 42 U.S.C. § 405(g) ("Section 405(g)"), challenging the decision of the Commissioner

of Social Security ("the Commissioner"), which dismissed Plaintiff's request for a hearing on his

claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") after

Plaintiff failed to appear as scheduled before an Administrative Law Judge ("ALJ"). In lieu of

an answer, the Commissioner moved to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1)

and Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative, to grant

defendant summary judgment. The Commissioner contends that the Court lacks subject matter

jurisdiction over this matter because the Commissioner's denial of Plaintiff's request for a

hearing is not a final decision subject to judicial review. For the reasons below, I respectfully

recommend that Plaintiff's Complaint be dismissed.

## I. BACKGROUND

On June 2, 2011, Plaintiff applied for DIB and SSI, and the Social Security Administration ("SSA") denied Plaintiff's applications on October 12, 2011. (Ortiz Decl.[1] at ¶ 4(a)).  On September 5, 2012, a Notice of Hearing ("Original Notice") was mailed to Plaintiff at 1851 Phelan Place, Apt 4A, Bronx, NY 10453. (Ortiz Decl. at ¶ 4(c)).  On September 26, 2012, the SSA mailed another notice, entitled "Notice of Hearing—Important Reminder," ("Reminder Notice") to Plaintiff at the same address. (Docket No. 17-1).  The Reminder Notice indicated that the Original Notice had informed Plaintiff that his hearing would take place on October 10, 2012 and had enclosed an acknowledgement form. (*Id.*).  The Reminder Notice also notified Plaintiff that if he failed to appear at the hearing and did not provide a good reason for his failure to appear, the ALJ could dismiss the request for a hearing without further notice. (*Id.*).  The Reminder Notice further explained that if Plaintiff's hearing request was dismissed, the prior denial would become the final decision of the Commissioner on Plaintiff's applications. (*Id.*).  On October 9, 2012, SSA personnel attempted to contact Plaintiff and left a message on his answering machine regarding the hearing date, time and place. (Docket No. 17-2).  Plaintiff failed to appear at his hearing on October 10, 2012. (Ortiz Decl. at ¶ 4(d); Docket No. 17-3).

On October 15, 2012, the SSA mailed a "Notice to Show Cause for Failure to Appear" ("Notice to Show Cause") to Plaintiff at the Phelan Place address, instructing Plaintiff that he must send a written statement with a good reason for his failure to appear at the hearing by October 25, 2012. (Docket No. 17-3).  The letter further explained that if Plaintiff did not show good cause, his request for a hearing would be dismissed. (*Id.*).  Plaintiff did not respond, and the

---

[1] Refers to the Declaration of Donald V. Ortiz, Acting Chief of Court Case Preparation and Review Branch 4, Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration, filed on February 4, 2014 as Docket No. 17.

Notice to Show Cause was returned as undeliverable by the U.S. Postal Service on October 25, 2012. (Docket No. 17-4 at 5).  On October 26, 2012, ALJ Sean P. Walsh dismissed Plaintiff's request for a hearing and the SSA's October 13, 2011 determination remained in effect. (*Id.*).

Plaintiff requested that the Appeals Council review the ALJ's dismissal in December 2012. (Docket No. 17-5).  In his request for review, Plaintiff explained that he missed the hearing because he had been homeless and in an institution for the past six months. (*Id.*).  He submitted documentation indicating that he was admitted to Cornerstone Treatment Facility on August 22, 2012, and discharged on August 29, 2012 with a referral to Admission at Arms Acres, another facility in Carmel, New York. (Docket No. 17-6).  He also included a letter from Tonia Civers, a Housing Specialist, which noted that Plaintiff had resided at the Charles H. Gay Shelter Care Center for Men from October 2, 2012 to October 27, 2012. (Docket No. 17-7).  A handwritten note at the top of the letter indicated that Plaintiff left Arms Acres to come to the Charles H. Gay Shelter Care Center for Men. (*Id.*).  In Plaintiff's request for Appeals Council review, he wrote that he now had a permanent place to live and apologized for not contacting SSA earlier about his changes in address. (Docket No. 17-5).  The Appeals Council denied Plaintiff's request for review. (Docket No. 17-8).

Plaintiff filed the instant action on June 24, 2013.  On February 4, 2014, the Commissioner filed a pre-answer motion to dismiss the Complaint, or in the alternative, for summary judgment. (Docket No. 16).  The Commissioner contends that because the Commissioner's denial of Plaintiff's request for a hearing is not a final decision made after a hearing, the Court lacks subject matter jurisdiction over this action. (Docket No. 21 at 3-5).  Additionally, the Appeals Council has agreed that upon dismissal of this Complaint, the case will

be remanded to an ALJ "to give Plaintiff an opportunity to provide good cause for his failure to appear for his scheduled hearing." (Docket No. 18 ¶ 2; Docket No. 21 at 5 n.3).

In connection with the pending motion, the Commissioner filed a Notice to Pro Se Litigant pursuant to Local Rule 56.2, informing Plaintiff that if he did not respond to the motion on time, his Complaint may be dismissed. (*Id.*). This notice, the motion and supporting documents were served on Plaintiff at the address listed on his complaint, 209 E. 118th Street, Apt. 6-DA, New York, NY 10035.[2] (Docket No. 22). Nonetheless, in the nearly three years since the filing of the Commissioner's motion, Plaintiff has not filed any opposition.

## II.  DISCUSSION

### A.  Rule 12(b)(1) Standard

The Court can properly dismiss an action for lack of subject matter jurisdiction when it does not have the statutory or constitutional power to adjudicate it. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed R. Civ. P. 12(b)(1)). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir.1996)). In resolving a motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Court construes all ambiguities and draws all inferences in Plaintiff's favor. *Id.* It must also "accept as true all material factual allegations in the complaint." *Figueroa v. Comm'r of Soc. Sec.*, No. 12 Civ. 07129(LGS), 2013 WL 3481317, at *2 (S.D.N.Y. Jul. 11, 2013) (quotation marks and citation omitted) (adopting Report and Recommendation to dismiss action).[3] Additionally, the submissions of a *pro se* plaintiff,

_____

[2] None of the Court's mailings to Plaintiff at the 118th Street address has been returned as undeliverable.

[3] In accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) and Local Rule 7.2 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, a copy of this case and any others cited herein, only available by electronic database, accompany this Order and shall be simultaneously delivered to *pro se* Plaintiff.

like Mr. Dunn, must be liberally construed. *See McEachin v. McGuinnis*, 357 F.3d 197, 200-01 (2d Cir. 2004). The Court may also refer to evidence outside the pleadings in making its determination on a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). *Makarova*, 201 F.3d at 113 (citation omitted).

**B.  Section 405(g)**

Section 405(g) provides for limited judicial review of the Commissioner's final decisions, stating in pertinent part: "'[a]ny individual, after any *final decision* of the Commissioner of Social Security made *after a hearing* to which he was a party . . . may obtain review of such decision' in a 'district court of the United States.'" *Moses v. Colvin*, No. 13 Civ.2041(LGS)(JCF), 2013 WL 5663071, at *2 (S.D.N.Y. Oct. 17, 2013) (emphasis in original) (quoting 42 U.S.C. § 405(g)), *report and recommendation adopted sub nom. Moses v. Comm'r of Soc. Sec.,* No. 13 Civ.2041(LGS), 2013 WL 6049096 (S.D.N.Y. Nov. 15, 2013). The Second Circuit has interpreted Section 405(g) to grant jurisdiction to the federal courts only if the SSA's decision follows an actual hearing on the merits. *Dietsch v. Schweiker*, 700 F.2d 865, 867 (2d Cir. 1983). However, a "[d]ismissal for failure to appear at the hearing does not constitute a final decision on the merits and consequently cannot be reviewed under 42 U.S.C. § 405(g)." *Milazzo ex rel. Rodriguez v. Barnhart*, No. 05 CIV. 9218(HB), 2006 WL 2161781, at *1 (S.D.N.Y. Aug. 1, 2006); *see also Saldana v. Astrue*, No. 07 Civ. 5893(DLC), 2008 WL 534762, at *2 (S.D.N.Y. Feb. 25, 2008) ("failure to appear at [a] hearing [means] this Court lacks jurisdiction over the action"); *Urena v. Comm'r of Soc. Sec.*, No. 02 Civ.8537 DAB JCF, 2003 WL 21702285, at *2 (S.D.N.Y. July 23, 2003) (invocation of Section 405(g) jurisdiction was inappropriate to review an SSA decision based on the procedural ground of failure to appear).

Here, the ALJ's decision, upheld by the Appeals Council, was a dismissal of Plaintiff's request for a hearing because of his failure to appear.  This decision of the Commissioner was not the "outcome of a merits-based hearing" and, therefore, it is respectfully recommended that it was not a final decision subject to judicial review under Section 405(g). *See Moses*, 2013 WL 5663071, at *2.

## C.  Exceptions to Section 405(g)

Notwithstanding the jurisdictional limitations of Section 405(g), the Supreme Court has recognized an exception that allows for the exercise of subject matter jurisdiction for the adjudication of "colorable constitutional claims," noting that "access to the courts is essential to the decision of such questions." *Califano v. Sanders*, 430 U.S. 99, 109 (1977); *see also Steadman v. Colvin*, 14-CV-7495(VEC)(DCF), 2015 WL 4393022, at *5 (S.D.N.Y. July 14, 2015); *Guerra v. Comm'r of Soc. Sec.*, No. 12-CV-6750 (CS)(PED), 2013 WL 3481284, at *3 (S.D.N.Y. July 1, 2013); *Hatcher v. Barnhart*, No. 06 CV 999(JG), 2006 WL 3196849, at *3 (E.D.N.Y. Nov. 4, 2006).

Courts have found "colorable constitutional claims" under the Due Process Clause where plaintiffs have asserted that the SSA failed to give adequate notice of a hearing. *See e.g.*, *Hatcher*, 2006 WL 3196849, at *3; *Crumble v. Sec'y of Health & Human Servs.*, 586 F. Supp. 57, 58 (E.D.N.Y. 1984).  In *Hatcher*, the Court concluded that the plaintiff had a colorable due process claim where the SSA sent the notice to an incomplete address, excluding the apartment number. 2006 WL 3196849, at *4.  The Court found that the plaintiff's theory, that the agency's omission of the apartment number was a clerical mistake, was at least plausible, and therefore that the plaintiff had a colorable claim that the notice was not "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an

opportunity to present their objection." *Id.* at *4 (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (setting forth the appropriate standard for a due process challenge to the adequacy of notice)). In contrast, in *Groft v. Heckler*, the Court found no constitutional claim where the plaintiff's allegation was that he did not receive notice of the hearing because he collected his mail only every ten days. *Groft v. Heckler*, No. 83 Civ. 3792 (CBM), 1984 WL 332, at *2 (S.D.N.Y. May 8, 1984). The court noted that there was "nothing in the record to indicate that any action taken by the Secretary violated Groft's constitutional right to due process." *Id.*

Courts have also found that 28 U.S.C. § 1361 provides mandamus jurisdiction to review otherwise unreviewable procedural issues not related to the merits of a claim for benefits. *See Dietsch*, 700 F.2d at 868. Such review is appropriate where a plaintiff has demonstrated that "(1) he has a right to have the act at issue performed, (2) the defendant is under a clear nondiscretionary duty to perform that act, and (3) the plaintiff has exhausted all other avenues of relief." *Moses*, 2013 WL 5663071, at *3.

Even construing *pro se* Plaintiff's papers liberally,[4] Plaintiff has not presented a colorable constitutional claim. Plaintiff's complaint merely asserts that the "decision of the [ALJ] was erroneous, not supported by substantial evidence in the record, and/or contrary to law." (Docket No. 2 ¶ 9). He does not "challenge the SSA's policies or regulations or argue that the SSA failed to comply with its own procedures in considering [his] claim for benefits[.]" *See Guerra*, 2013 WL 3481284, at *4. Plaintiff's submission to the Appeals Council includes Plaintiff's explanation for his failure to attend the hearing, which was that he was in an institution and

---

[4] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted) ("A document filed *pro se* is to be liberally construed"); *Massie v. Metropolitan Museum of Art*, 651 F. Supp. 2d 88, 93 (S.D.N.Y. 2008) (quoting *Taylor v. Vermont Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002) (the Second "Circuit construes *pro se* submissions 'liberally, applying a more flexible standard'")).

homeless during the relevant period, but Plaintiff does not assert that any action taken by the SSA violated his right to adequate notice.  Additionally, Plaintiff has made no allegation that the requirements for mandamus jurisdiction have been met, and Plaintiff has another avenue of relief available, making mandamum jurisdiction inappropriate.  The Appeals Council is now willing to remand the case to an ALJ to provide Plaintiff with another opportunity to provide good cause for his failure to appear. (Docket No. 18 ¶ 2; Docket No. 21 at 5 n.3).  This will allow the SSA to "correct its own errors and compile a record which is adequate for judicial review." *Moses*, 2013 WL 5663071, at *4 (internal quotation marks omitted) (citing *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975) (listing rationales for requiring exhaustion of administrative remedies prior to judicial review)).

Accordingly, it is respectfully recommended that no exception to the jurisdictional requirements of Section 405(g) applies.

## III.  CONCLUSION

For the foregoing reasons, I conclude and respectfully recommend that the Defendant Commissioner's Motion to Dismiss should be granted and the Complaint should be dismissed.

## IV.  NOTICE

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file written objections. *See* Fed. R. Civ. P. 6(a) and (d) (rules for computing time).  If copies of this Report and Recommendation are served upon the parties by mail, the parties shall have seventeen (17) days from receipt of the same to file and serve written objections. *See* Fed. R. Civ. P. 6(d).  Objections and responses to objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable

Kenneth M. Karas at the United States District Court, Southern District of New York, 300

Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at

said Courthouse.

Requests for extensions of time to file objections must be made to the Honorable Kenneth

M. Karas and not to the undersigned.  Failure to file timely objections to this Report and

Recommendation will preclude later appellate review of any order of judgment that

will be rendered. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b), 6(d), 72(b); *Caidor v.*

*Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008).

Dated:    September 20, 2016
          White Plains, New York

                              **RESPECTFULLY SUBMITTED,**


                              _____
                              JUDITH C. McCARTHY
                              United States Magistrate Judge

2013 WL 3481317
Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.

Orlando Dones FIGUEROA, Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY, Defendant.

No. 12 Civ. 07129(LGS).
|
July 11, 2013.

*MEMORANDUM AND ORDER*

LORNA G. SCHOFIELD, District Judge.

**\*1** Before the Court is the Report and Recommendation of Magistrate Judge Netburn (Dkt. No. 24) ("Report"), recommending that the Court grant Defendant's Motion to Dismiss for Lack of Jurisdiction pursuant to Federal Rule of Civil Procedure Rule 12(b)(1) (Dkt. No. 16) ("Motion").

Plaintiff filed the Complaint in this action on September 20, 2012 (Dkt. No. 2), seeking judicial review of a favorable decision of the Commissioner of Social Security awarding him Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 405(g). The case was referred to Magistrate Judge Netburn on October 12, 2012. (Dkt. No. 8). On March 12, 2013, Defendant filed the present Motion, requesting that the Court dismiss the Complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief may be granted. On June 14, 2013, Judge Netburn issued the Report, recommending that the Court grant the Motion to Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual

and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. New York State Dep't of Educ.,* 855 F.Supp.2d 205, 206 (S.D.N.Y.2012) (citing Fed.R.Civ.P. 72(b); *Thomas v. Arn,* 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985)).

Having reviewed the Report, to which no objection was made, the Court finds no clear error on the face of the record. Accordingly, the Court ADOPTS the Report in its entirety as the decision of the Court. Defendant's Motion to Dismiss (Dkt. No. 16) is GRANTED, and this case is DISMISSED pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

The Court further finds, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith. *See Coppedge v. United States,* 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

The Clerk is directed to mail a copy of this Order to the pro se Plaintiff and close this case.

SO ORDERED.

*REPORT AND RECOMMENDATION*

SARAH NETBURN, United States Magistrate Judge.

**TO THE HONORABLE LORNA G. SCHOFIELD:**

*Pro se* plaintiff Orlando Dones Figueroa filed this action seeking judicial review of a favorable decision of the Commissioner of Social Security ("the Commissioner") awarding him Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act. The Commissioner has moved, without opposition, to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief may be granted. Because there is no final administrative decision denying benefits that this Court may review, I recommend that the Commissioner's motion to dismiss pursuant to Rule 12(b)(1) be GRANTED.

**BACKGROUND**

**\*2** On September 20, 2012, Orlando Dones Figueroa filed an action in this Court for review of a decision of the Commissioner under section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. §§ 405(g). It appears that he seeks review of a 2003 decision by an Administrative Law Judge ("ALJ") related to his claim for Supplemental Security Insurance ("SSI") benefits. (Compl.¶¶ 7, 9.) According to Figueroa's complaint, he became disabled in 2002, applied for benefits, and was denied benefits by an ALJ on February 15, 2003. (Compl.¶ 7.) But the Commissioner, through the declaration of Julio Infiesta, an Assistant Regional Commissioner at the Social Security Administration ("Infiesta Decl."), provides information that Figueroa applied for SSI benefits on February 25, 2003, received a favorable decision, and was awarded benefits on March 16, 2004. (Infiesta Decl. ¶¶ 2–3 & at Ex. A.) Figueroa is currently receiving SSI benefits and has been receiving such benefits since he became eligible to do so in March 2003. (*Id.* at Ex. B.)

Although not raised in the complaint, the Commissioner also provides information that Figueroa filed a claim for disability insurance benefits ("DIB") on October 4, 1996. (Infiesta Decl. ¶ 6.) This claim was denied at the initial level of administrative review and again at the reconsideration level on October 30, 1997. (*Id.* ¶¶ 7–8.) The Commissioner attests that Figueroa did not seek or receive further administrative review of his October 1996 DIB application, and that the agency has no further record of him filing a subsequent claim for DIB. (*Id.* ¶¶ 10–11.)

In light of these circumstances, on April 5, 2013, the Court issued an Order to Show Cause, directing that Figueroa clarify the nature of his claims regarding both the 2003 SSI benefits application and the 1996 DIB application. The Court warned Figueroa that his failure to respond may result in dismissal of this action for lack of subject matter jurisdiction. Figueroa failed to respond.

### DISCUSSION

### I. Standard of Review

Because a court cannot act if it lacks jurisdiction, a court must decide a 12(b)(1) motion before any other motion to dismiss. *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (citing cases); *Winn v. Schafer,* 499 F.Supp.2d

390, 394 (S.D.N.Y.2007) (citing cases); 5B Wright & Miller, Federal Practice & Procedure § 1350 (3d ed.2012). Figueroa's request for review can be addressed completely under a jurisdictional analysis. Accordingly, the Court will decide this case on Rule 12(b)(1) grounds only.

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. U.S.,* 201 F.3d 110, 113 (2d Cir.2000). In reviewing a motion to dismiss under Rule 12(b)(1), the court "must accept as true all material factual allegations in the complaint," *J.S. ex rel. N.S. v. Attica Cent. Sch.,* 386 F.3d 107, 110 (2d Cir.2004), but "no presumptive truthfulness attaches to the complaint's jurisdictional allegations," *Guadagno v. Wallack Ader Levithan Assocs.,* 932 F.Supp. 94, 95 (S.D.N.Y.1996). The burden is on the plaintiff to satisfy the Court of the jurisdictional facts. *Makarova,* 201 F.3d at 113 ("A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."). In reviewing a motion to dismiss under Rule 12(b)(1), the Court "may consider affidavits and other materials beyond the pleadings." *Attica Central Sch.,* 386 F.3d at 110.

**\*3** Judicial review of cases arising under Title II of the Social Security Act is provided for, and expressly limited by, sections 205(g) and (h) of the Act, 42 U.S.C. §§ 405(g) and (h). These sections provide the exclusive remedy for seeking review of a decision of the Commissioner. 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as provided herein.").

### II. The 2003 SSI Application

Section 405(g) "assumes as a condition for judicial review" that the determination will be adverse to the claimant. *Jones v. Califano,* 576 F.2d 12, 18 (2d Cir.1978) (citing 42 U.S.C. § 405(g)). It makes "no provision for judicial review of a determination favorable to the complainant." *Id.; see also Wheeler v. Heckler,* 719 F.2d 595, 600 (2d Cir.1983) ("[J]udicial review of favorable decisions is generally unavailable.").

Despite being given an opportunity to do so, Figueroa has failed to explain to the Court why he appears to be challenging a favorable decision concerning his 2003 SSI application. In fact, the Commissioner has

offered evidence that Figueroa has been receiving SSI benefits since March 2003. Thus, it appears that, with respect to his 2003 SSI application, Figueroa seeks review of a fully favorable determination. Jurisdiction does not lie in this Court to review decisions that are favorable to the complainant. *See, e.g., Coles v. Astrue,* 10 Civ. 4751(JFB), 2012 WL 695849 (E.D.N.Y. Mar. 5, 2012); *Bruno v. Astrue,* 09 Civ. 4690(JSR)(DF), 2010 WL 5653398 (S.D.N.Y. Sept. 16, 2010). Accordingly, the Court should grant the Commissioner's motion to dismiss Figueroa's complaint under Federal Rule of Civil Procedure 12(b)(1).

### III. The 1996 DIB Application

The Commissioner also offers information to the Court, not raised in Figueroa's complaint, that he applied for and was denied disability insurance benefits in 1996. Because *pro se* litigants "are entitled to a liberal construction of their pleadings, which should be read to raise the strongest arguments that they suggest," the Court considers the possibility that Figueroa also seeks review of the denial of his 1996 claim for DIB. *Green v. U.S.,* 260 F.3d 78, 83 (2d Cir.2001) (citation and internal quotation marks omitted).

Title 42 U.S.C. § 405(g) provides, in part:

> Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

42 U.S.C. § 405(g). This provision contains the basis for the exhaustion requirement: that judicial review of Social Security benefit determinations is limited to "final" decisions of the Commissioner made after a hearing. 42 U.S.C. § 405(g). To exhaust a claim properly, a plaintiff must (1) obtain an initial determination of the claim, 20 C.F.R. § 404.902 *et seq.;* (2) seek reconsideration, 20 C.F.R. § 404.907 *et seq.;* (3) seek a hearing before an ALJ, 20 C.F.R. 404.929 *et seq.;* and (4) request Appeals Council review, 20 C.F.R. § 404.966 *et seq.* A determination is final, and the claim exhausted, after the Appeals Council has denied review or decided the case after review. 20

C.F.R. § 404.981. The exhaustion requirement "prevent[s] premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors." *Weinberger v. Salfi,* 422 U.S. 749, 765, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). "If a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review in most cases ." *Sims v. Apfel,* 530 U.S. 103, 107, 120 S.Ct. 2080, 147 L.Ed.2d 80 (2000).

**\*4** While "[e]xhaustion is the rule, waiver the exception," *Abbey v. Sullivan,* 978 F.2d 37, 44 (2d Cir.1992) (citing cases), there are a few instances where the exhaustion requirement may be waived. First, if the claim is collateral to a demand for benefits, *see, e.g., Bowen v. City of New York,* 476 U.S. 467, 483, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986) (claims were collateral to a demand for benefits where a class of plaintiffs challenged SSA policy and many class members were unaware of that policy when the suit was filed); second, if exhaustion would be futile, *see, e.g., Mathews v. Diaz,* 426 U.S. 67, 76–77, 96 S.Ct. 1883, 48 L.Ed.2d 478 (1976) (exhaustion would be futile because the Secretary had no power to rule on statute's constitutionality); and, third, if the plaintiffs would suffer irreparable harm in the sense that no *post hoc* relief would be adequate, *see, e.g., State of N.Y. v. Sullivan,* 906 F.2d 910, 918 (2d Cir.1990) (waiving the exhaustion requirement in part because claimants experienced deteriorating health). *See also Califano v. Sanders,* 430 U.S. 99, 109, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977) ("Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions.").

According to the Commissioner's submission, Figueroa filed a claim for disability benefits on October 4, 1996. Although this claim was denied at the initial administrative level and, on October 30, 1997, at the reconsideration level, the agency has no record of Figueroa filing a request for a hearing before an ALJ, a requirement of exhaustion.

The Court's April 5, 2013 Order to Show Cause also afforded Figueroa the opportunity to demonstrate that he received a final decision on his 1996 claim by submitting a letter from the Appeals Council or, alternatively, to show that his claim qualified for a waiver of the exhaustion requirement. Figueroa similarly did not respond to this

request. Thus, in the absence of additional information, the Court must assume that Figueroa did not exhaust his administrative remedies regarding his 1996 application for benefits. The Court has no evidence that Figueroa received a final administrative decision that a district court can review and has no reason to think that Figueroa qualifies for a waiver of the exhaustion requirement. *See Makarova,* 201 F.3d at 113 ("A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.").

Moreover, the deadline for filing a request for a hearing before an ALJ has long passed, 20 C.F.R. § 404.933(b)(1) (a request for an ALJ hearing must be filed within sixty days of the receipt of the reconsideration determination), as has the deadline for filing a complaint in this Court, 20 C.F.R. § 422.210(c) (a claimant must file in district court for judicial review of an SSA decision within 60 days of receiving the final administrative decision).

Accordingly, because Figueroa did not, and now cannot, exhaust his administrative remedies on his 1996 DIB claim, this Court lacks jurisdiction to review that determination.

## CONCLUSION

**\*5** For the foregoing reasons, the Court recommends that the Commissioner's motion to dismiss (Docket No. 16) be GRANTED, and this case be dismissed pursuant to Federal Rule of 12(b)(1) for lack of subject matter jurisdiction. I further recommend that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from its order would not be taken in good faith. *See Coppedge*

*v. United States,* 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

## NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed.R.Civ.P. 6(a), (d) (adding three additional days when service is made under Fed.R.Civ.P. 5(b)(2) (C), (D), (E), or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed.R.Civ.P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Lorna G. Schofield at the United States Courthouse, 40 Foley Square, New York, New York 10007, and to any opposing parties. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Schofield. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. *See* 28 U.S.C. § 636(b) (1); Fed.R.Civ.P. 6(a), 6(b), 72(b); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

## SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2013 WL 3481317

---

**End of Document**

© 2016 Thomson Reuters. No claim to original U.S. Government Works.

Groft v. Heckler, Not Reported in F.Supp. (1984)

1984 WL 332

Case 7:13-cv-04398-KMK   Document 24   Filed 09/21/16   Page 14 of 44

1984 WL 332
Only the Westlaw citation is currently available.
United States District Court; S.D. New York.

CHARLES R. GROFT, Plaintiff,

v.

MARGARET M. HECKLER, Secretary
of the Department of Health and
Human Services, Defendant.

No. 83 Civ. 3792 (CBM).
|
May 8, 1984.

**Attorneys and Law Firms**

CHARLES R. GROFT General Delivery 34th Street New
York, New York plaintiff pro se.

RUDOLPH W. GIULIANI United States Attorney for
the Southern District of New York One Saint Andrew's
Plaza New York, New York 10007, for defendant; By:
Kathleen Anne Roberts.

MEMORANDUM OPINION

MOTLEY, Chief Judge.

**\*1** Plaintiff pro se Charles R. Groft seeks judicial review
of a determination made by the Secretary of Health
and Human Services ('Secretary') denying Groft federal
disability benefits and Supplemental Social Security
Income under Titles II and XVI of the Social Security
Act (the 'Act'). The Secretary has moved pursuant to
Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil
Procedure for an order dismissing Groft's complaint for
lack of subject matter jurisdiction and for failure to state
a claim upon which relief may be granted. For the reasons
set forth below, the Secretary's motion to dismiss for lack
of subject matter jurisdiction is granted.

*Background*

On December 9, 1981, Groft made a timely request for
a hearing before an Administrative Law Judge ('ALJ') to
review the Secretary's initial determination that he was not
entitled to benefits under the Act. On September 24, 1982,

the Secretary sent Groft a Notice of Hearing informing
Groft that a hearing before an ALJ was scheduled for
October 8, 1983. The Notice of Hearing also stated that
absent a showing of good cause, failure to appear, either
in person or through a representative, would result in
dismissal of Groft's request for review. Groft failed to
appear and thereafter, by notice dated October 12, 1982,
Groft's request for review was dismissed. Groft then filed a
timely request for review of the ALJ's dismissal order with
the Appeals Council. On March 10, 1983, the Appeals
Council denied Groft's request for review.

Groft now seeks to invoke the jurisdiction of this court
pursuant to section 405(g) which provides for judicial
review of final decisions of the Secretary. The Secretary
contends that this court lacks jurisdiction to review
the ALJ's dismissal order because there has been no
final decision within the meaning of section 405(g). The
Secretary further contends that Groft has failed to state
a cause of action upon which relief may be granted. The
gravamen of Groft's opposition is that he did not receive
notice of the October 8th hearing until after that date had
passed.

*Discussion*

Under section 405(g), a district court has exclusive
jurisdiction to review a 'final decision of the Secretary
made after a hearing to which the plaintiff was a party.'
42 U.S.C. § 405(g); see also 42 U.S.C. § 405(h) (district
court's jurisdiction to review under section 405(g) is
exclusive). Where there has been no final decision within
the meaning of section 405(g), however, a district court
lacks jurisdiction to review the ALJ's determination.
See Mathews v. Eldridge, 424 U.S. 319, 327–29 (1976);
Sheehan v. Secretary of Health Education and Welfare,
593 F.2d 323 (8th Cir. 1979). A final decision is one made
after a hearing on the merits, adverse to the plaintiff, to
which he was a party. Plagianos v. Schweiker, 571 F. Supp.
495, 496–97 (S.D.N.Y. 1983); Rosario v. Schweiker, 550
F. Supp. 118 (E.D.N.Y. 1982).

In Plagianos, the plaintiff failed to appear on the
scheduled hearing date but did call to request a
postponement, which the ALJ granted. When the plaintiff
failed to appear on the rescheduled date and failed to
show good cause as to why he did not appear, the ALJ
dismissed the plaintiff's request for review. 571 F. Supp.

Groft v. Heckler, Not Reported in F.Supp. (1984)
1984 WL 332

Case 7:13-cv-04398-KMK   Document 24   Filed 09/21/16   Page 15 of 44

at 496. The district court determined that since there had been no hearing on the merits of plaintiff's claim, the court lacked subject matter jurisdiction to review the merits of that claim. Id. at 497. The case resembles Plagianos in that because Groft failed to appear at the scheduled hearing and failed to show good cause for his failure to appear, there has been no final decision for this court to review. Therefore, this court lacks subject matter jurisdiction under section 405(g).

*2 The Supreme Court has held that a district court may review an agency determination prior to a final decision; such review is limited, however, to those cases where plaintiff has alleged a colorable constitutional claim. See Califano v. Sanders, 430 U.S. 99, 108–09 (1977) (district court has jurisdiction to review constitutional challenge to administrative procedures prior to 'final decision'); Penner v. Schweiker, 701 F.2d 256 (3d Cir. 1983) (although there had been no final decision, plaintiff alleged sufficient constitutional claim to warrant jurisdiction); see also Weinberger v. Salfi, 422 U.S. 749 (1975). Even given the most liberal construction, Groft's papers do not present a colorable constitutional claim. The substance of Groft's opposition to the Secretary's motion to dismiss is that Groft collects his mail only every ten days. Cf. Mathews v. Eldridge, 424 U.S. at 323, 331–32. In Mathews v. Eldridge, the Supreme Court reached the merits of the plaintiff's claim because the plaintiff alleged that the Secretary's failure to provide a hearing prior to the termination of benefits deprived him of due process. Here, however, Groft's allegation does not challenge the constitutionality of the Secretary's regulations governing the administrative review process, nor does he challenge the regulations which presume receipt of a Notice of Hearing within five days of mailing. 20 C.F.R. § 404.901. Indeed, there is nothing in the record to indicate that any action taken by the Secretary violated Groft's constitutional right to due process. The absence of a constitutional challenge leaves this court powerless to review Groft's claim before a final decision on the merits.

This court recognizes that a district court may have jurisdiction to review Groft's claim under 28 U.S.C. § 1361. Section 1361 provides:

> The district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361. Under this section a district court may review 'otherwise unreviewable procedural issues not related to the merits of a claim.' Dietsch v. Schweiker, 700 F.2d 865, 868 (2d Cir. 1977); see also Ellis v. Blum, 643 F.2d 68, 78 (2d Cir. 1981); White v. Mathews, 559 F.2d 852, 856 (2d Cir. 1977), cert. denied, 435 U.S. 908 (1978); Frost v. Weinberger, 515 F.2d 57, 62 (2d Cir. 1975), cert. denied, 424 U.S. 958 (1976). Although the court might term procedural Groft's contention that he received tardy notice of the hearing before the ALJ, Groft's ultimate claim goes to the merits of his application for disability benefits. Thus, this case is distinguishable from those cases in which courts have exercised mandamus jurisdiction to review purely procedural issues. See, e.g., Dietsch v. Schweiker, 700 F.2d at 868 (issue was whether mailing request for review by the Appeals Counsel constituted filing within the meaning of the regulations). In this vein, the court in White v. Mathews specifically distinguished RoAne v. Mathews, 538 F.2d 852 (9th Cir. 1976), in which the court declined to grant mandamus jurisdiction because the plaintiffs sought judicial review of the merits of their claim to benefits under the Act. 559 F.2d at 856. Since Groft's claim does not concern 'otherwise unreviewable procedural issues' unrelated to the merits, mandamus jurisdiction is inappropriate.

*Conclusion*

*3 Since there has been no hearing on the merits of Groft's claim for benefits, this court lacks subject matter jurisdiction over this case. Accordingly, the Secretary's motion to dismiss for lack of subject matter jurisdiction is granted. This case is dismissed.

**All Citations**

Not Reported in F.Supp., 1984 WL 332

---

**End of Document**

© 2016 Thomson Reuters. No claim to original U.S. Government Works.

2013 WL 3481284
Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.

Amparo GUERRA, Plaintiff,
v.
COMMISSIONER OF SOCIAL
SECURITY, Defendant.

No. 12–CV–6750 (CS)(PED).
|
July 1, 2013.

## ORDER ADOPTING REPORT AND RECOMMENDATION

SEIBEL, District Judge.

**\*1** Before the Court is the Report and Recommendation of Magistrate Judge Paul E. Davsion dated May 31, 2013 (the "R & R"), (Doc. 17), in which he recommends that this Court grant Defendant's motion to dismiss the instant case for lack of subject-matter jurisdiction. Familiarity with the motion, prior proceedings, and the R & R is presumed.

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed.R.Civ.P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C).

Insofar as a report and recommendation deals with a dispositive motion, a district court must conduct a *de novo* review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C); *see* Fed.R.Civ.P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The district court may adopt those portions of a report and recommendation to which

no timely objections have been made, provided no clear error is apparent from the face of the record. *See Lewis v. Zon,* 573 F.Supp.2d 804, 811 (S.D.N.Y.2008); *Nelson v. Smith,* 618 F.Supp. 1186, 1189 (S .D.N.Y.1985); Fed.R.Civ.P. 72 advisory committee's note (b).

The docket sheet reflects that Plaintiff was mailed a copy of the R & R at the Townsend Avenue address provided. No objections to the R & R have been recieved. I have reviewed the R & R and find no error, clear or otherwise. Accordingly, I adopt the R & R as the decision of the Court, and dismiss Plaintiff's Complaint without prejudice. The Clerk of Court is respectfully directed to terminate the pending Motion (Doc. 13), and close the case.

SO ORDERED.

## *REPORT AND RECOMMENDATION*

PAUL E. DAVISON, United States Magistrate Judge.

## TO: THE HONORABLE CATHY SEIBEL, UNITED STATES DISTRICT JUDGE

### I. *INTRODUCTION*

Plaintiff Amparo Guerra, proceeding *pro se,* brings this action pursuant to the Social Security Act (the "Act"), 42 U.S.C. §§ 405(g) and 1383(c), challenging the dismissal of her request for an administrative hearing and denial of her application for benefits by Defendant Commissioner of Social Security (the "Commissioner"). Dkt. No. 1.

Presently before this Court, pursuant to an order of reference, Dkt. No. 7, is the Commissioner's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Dkt. Nos. 13 (Notice of Mot.), 14 (Defendant's Memorandum of Law ("Def.'s Mem.")), 15 (Declaration of Marian Jones ("Jones Decl.")). While the Commissioner provided Plaintiff with the requisite notice regarding the potential dismissal of her case if she failed to oppose this motion, *see* Dkt. No. 13 at 3, Plaintiff has not opposed the Commissioner's motion. For the reasons set forth below, I respectfully recommend that the motion be **GRANTED.**

## II. *BACKGROUND* [1]

 **\*2** Plaintiff applied for disability benefits on July 22, 2010. The Commissioner's initial determination denying Plaintiff's application for benefits was issued on September 10, 2010. On September 23, 2010, Plaintiff filed a request for a hearing before an administrative law judge ("ALJ").

On May 17, 2011, a "Notice of Hearing" was mailed to Plaintiff by the Social Security Administration ("SSA") at 1475 Townsend Avenue, Apartment 2L, Bronx, New York 10452 advising Plaintiff that the administrative hearing had been scheduled for July 7, 2011; requesting that she submit the enclosed acknowledgment form; and notifying her that, if she failed to appear for her hearing and the ALJ found that she had not had good cause for doing so, then her request for a hearing could be dismissed without further notice. Plaintiff did not submit the acknowledgment form.

On June 23, 2011, a "Notice of Hearing–Important Reminder" was mailed to Plaintiff at the 1475 Townsend Avenue address. This reminder notice also advised Plaintiff that her request for a hearing could be dismissed if she failed to appear and did not provide a good reason for any such failure. The notice further explained that, if her hearing request was dismissed, then the prior decision denying her claim would become the Commissioner's final decision on her application.

Plaintiff failed to appear for her hearing on July 7, 2011. On the same day, the ALJ issued a decision dismissing her request for a hearing and noting that the September 23, 2010 initial determination denying Plaintiff's application therefore remained in effect. The ALJ's decision was mailed to Plaintiff at the 1475 Townsend Avenue address, and, on July 19, 2011, Plaintiff filed a request for review of the ALJ's decision by the Appeals Council. In her request for review, Plaintiff represented that she had received no notice of the hearing. On August 15, 2012, the Appeals Council denied Plaintiff's request for review. This denial also was mailed to Plaintiff's 1475 Townsend Avenue address.

Plaintiff commenced this action seeking federal district court review on September 5, 2012. On April 11, 2013, this Court held a pre-motion conference at which Plaintiff

and the Commissioner's counsel appeared. The Court arranged for a Spanish-language interpreter to be present at the conference in order to translate for Plaintiff as the basis for the Commissioner's anticipated motion to dismiss was discussed. The Court made efforts at the conference to ensure that Plaintiff understood the basis for the motion, was aware of the opportunity that she would have to oppose the motion, and knew that she could submit a new application for benefits with the SSA at any time.

The Commissioner's motion was filed on April 15, 2013. Plaintiff's opposition was due on May 17, 2013, though, as discussed above, no opposition has been filed to date.

## III. *DISCUSSION*

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir.2000) (citing Fed.R.Civ.P. 12(b)(1)). District courts "may refer to evidence outside the pleadings," such as the evidence submitted by the Commissioner with the instant motion, when "resolving a motion to dismiss for lack of subject matter jurisdiction." *Id.; accord Katsoulakis v. Astrue,* No. 10–CV–0081 (JFB), 2011 WL 3877080, at *1 (E.D.N.Y. Aug. 31, 2011) ("[T]he court may consider evidence beyond the pleadings to resolve disputed issues of fact regarding its jurisdiction.") (citing *Flores v. S. Peru Copper Corp.,* 414 F.3d 233, 255 n. 30 (2d Cir.2003)). [2] Because "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law," *McCall v. Pataki,* 232 F.3d 321, 322–23 (2d Cir.2000), a plaintiff's failure to oppose a motion to dismiss "does not merit automatic dismissal," *Accurate Grading Quality Assurance, Inc. v. Thorpe,* No. 12 Civ. 1343(ALC), 2013 WL 1234836, at *5 (S.D.N.Y. Mar. 26, 2013). Still, "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova,* 201 F.3d at 113. "When considering motions to dismiss the claims of plaintiffs proceeding pro se, courts in [the Second] Circuit are instructed to construe the pleadings liberally." *Weinstein v. Albright,* 261 F.3d 127, 132 (2d Cir.2001).

Guerra v. Commissioner of Social Sec., Not Reported in F.Supp.2d (2013)
2013 WL 3481284
Case 7:13-cv-04398-KMK Document 24 Filed 09/21/16 Page 18 of 44

**\*3** The Social Security Act authorizes claimants to seek federal district court review of "any final decision of the Commissioner of Social Security made *after a hearing* to which [the claimant] was a party." 42 U.S.C. § 405(g) (emphasis added). The Supreme Court has noted that the Act "clearly limits judicial review to a particular type of agency action, a 'final decision ... made after a hearing.' " *Califano v. Sanders,* 430 U.S. 99, 108 (1977) (quoting 42 U.S.C. § 205(b)). In order to exhaust the administrative review process and obtain a final decision that may be subject to federal district court review, a claimant must proceed through the following four steps: (1) initial determination, (2) reconsideration, (3) hearing before an ALJ, and (4) review by the Appeals Council. *See* 20 C.F.R. § 404.900(a). "Dismissal for failure to appear at the hearing does not constitute a final decision on the merits and consequently cannot be reviewed under 42 U.S.C. § 405(g)." *Milazzo ex rel. Rodriguez v. Barnhart,* No. 05 Civ. 9218(HB), 2006 WL 2161781, at \*1 (S.D.N.Y. Aug. 1, 2006). Accordingly, dismissal for lack of subject matter jurisdiction is appropriate under such circumstances, unless the plaintiff has raised a " 'colorable constitutional claim[ ]' relating to [the] agency decision, because '[c]onstitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions.' " *Hatcher v. Barnhart,* No. 06 CV 999(JG), 2006 WL 3196849, at \*3 (E.D.N.Y. Nov. 4, 2006) (quoting *Califano,* 430 U.S. at 109); *accord Katsoulakis,* 2011 WL 3877080, at \*3 ("This Court can only review an administrative decision denying disability benefits where a hearing has been held unless plaintiff raises a constitutional challenge to the decision.").

Here, Plaintiff concedes that she failed to appear at her administrative hearing but claims that she did not receive notice of the hearing. The Commissioner has presented evidence, however, that an initial notice of the hearing date, as well as a reminder notice, were sent to Plaintiff at 1475 Townsend Avenue, Apartment 2L, Bronx, New York 10452, in accordance with the applicable regulations. *See* Jones Decl., Exs. 1, 2; 20 C.F.R. §§ 404.938, 416.1438. Following the SSA's issuance of these two notification letters and Plaintiff's failure to submit the acknowledgment form, otherwise contact the SSA, or appear for the scheduled hearing, the ALJ concluded that Plaintiff did not have good cause for failing to appear and dismissed her request for a hearing, also in accordance with the applicable regulations. *See* Jones Decl., Ex. 3; 20 C.F.R. §§ 404.957(b)(1)(i), 416.1457(b)(1)(i). As the Commissioner notes, *see* Def.'s Mem. at 6–7, 9, Plaintiff apparently received the ALJ's order of dismissal at the 1475 Townsend Avenue address—since she timely requested review by the Appeals Council—as well as the Appeals Council's denial—since she timely initiated this action. Plaintiff continues to maintain that she resides at the 1475 Townsend Avenue address, as set forth in her complaint in this action. *See* Dkt. No. 1 at ¶ 2. To date, she has proffered no affirmative explanation or evidence to support her claim that she did not receive the hearing notices that the agency claims to have mailed such that she may have had good cause for failing to appear. *Cf. Guinyard v. Apfel,* No. 99 Civ. 4242(MBM), 2000 WL 297165, at \*3 (S.D.N.Y. Mar. 22, 2000) (noting, in context of statute of limitations for federal district court review, that " 'plaintiff must do more than merely assert that he did not receive the notice [from the SSA] within five days' " but " '[r]ather ... must present some affirmative evidence indicating that the actual receipt occurred more than five days after issuance' ") (quoting *Marte v. Apfel,* No. 96 Civ. 9024(LAP), 1998 WL 292358, at \*2 (S.D.N.Y. June 3, 1998)).

**\*4** Even construing the *pro se* pleadings in this case liberally, as the Court is required to do, *see e.g., Weinstein,* 261 F.3d at 132, Plaintiff does not present a colorable constitutional claim such that dismissal for lack of subject matter jurisdiction might be avoided. She does not challenge the SSA's policies or regulations, argue that the SSA failed to comply with its own procedures in considering her claim for benefits, or offer any reason that she did not receive the notice—such as an incorrect address or problems with her mail service—that might suggest good cause for having failed to appear and an attendant lack of due process. *Compare Katsoulakis,* 2011 WL 3877080, at \*4–5 (granting motion to dismiss for lack of subject matter jurisdiction where no administrative hearing had been held because plaintiff's counsel had requested that the ALJ dismiss plaintiff's request for hearing and plaintiff did not raise a constitutional issue because she "does not allege any constitutional violations in her complaint" and it was "apparent that defendant followed appropriate agency procedure"); *Lesane v. Apfel,* No. CV 98–4738(RJD), 1999 WL 1288940, at \*3 (E.D.N.Y. Nov. 17, 1999) (granting motion to dismiss for lack of subject matter jurisdiction where plaintiff had failed to appear for administrative hearing and "[t]he facts ... raise no due process issue"

WESTLAW © 2016 Thomson Reuters. No claim to original U.S. Government Works.

where "[t]he ALJ dismissed plaintiff's request for a hearing only after complying with the Social Security Administration's regulations regarding the provision of notice and an opportunity to be heard"); *Groft v. Heckler,* No. 83 Civ. 3792(CBM), 1984 WL 332, at *2 (S.D .N.Y. May 8, 1984) (granting motion to dismiss for lack of subject matter jurisdiction where plaintiff failed to appear for hearing and, "[e]ven given the most liberal construction," plaintiff's "papers do not present a colorable constitutional claim" since plaintiff claimed that he had not received notice of the hearing because he "collects his mail only every ten days" and did "not challenge the constitutionality of the Secretary's regulations governing the administrative review process" or "the regulations which presume receipt of a Notice of Hearing within five days of mailing" and "there is nothing in the record to indicate that any action taken by the Secretary violated [plaintiff's] constitutional right to due process") *with Hatcher,* 2006 WL 3196849, at *1, *3–4 (denying motion to dismiss for lack of subject matter jurisdiction where plaintiff failed to appear for administrative hearing but had raised "a colorable due process claim" because he claimed that he had not received notice of the hearing and the Commissioner conceded that the notice had been sent "to an incomplete address" that did not include plaintiff's apartment number which raised a question of whether plaintiff "lacked

constitutionally adequate notice of the hearing"); *Crumble v. Sec'y of Health & Human Servs.,* 586 F.Supp. 57, 57–61 (E.D.N.Y.1984) (denying motion to dismiss for lack of subject matter jurisdiction where plaintiff failed to appear for administrative hearing but had raised a constitutional issue because he claimed that he had not received hearing notices, "attribute[d] this alleged breakdown in communications to the SSA's omission of the apartment number from plaintiff's address," claimed that he had "requested the Social Security office to hold all his mail for pick up" because of potential problems with his mail delivery, and had not received an opportunity to explain to the agency his failure to appear for the hearing). Accordingly, I conclude—and respectfully recommend that Your Honor should conclude—that the Court lacks subject matter jurisdiction over this action.

## IV. *CONCLUSION*

**\*5** For the reasons set forth above, I respectfully recommend that the Commissioner's motion to dismiss be **GRANTED.**

## All Citations

Not Reported in F.Supp.2d, 2013 WL 3481284

Footnotes

1    The information within this section is taken from the Court's review of the Jones Declaration and the five exhibits attached thereto. *See* Dkt. No. 15.

2    Copies of unreported cases cited herein will be mailed to Plaintiff. *See Lebron v. Sanders,* 557 F.3d 76 (2d Cir.2009).

**End of Document**                                            © 2016 Thomson Reuters. No claim to original U.S. Government Works.

2006 WL 3196849
United States District Court,
E.D. New York.

Douglas HATCHER, Plaintiff,
v.
Jo Anne B. BARNHART, Commissioner
of Social Security, Defendant.

No. 06 CV 999(JG).
|
Nov. 4, 2006.

**Attorneys and Law Firms**

Bedford Stuyvesant Community Legal Services Corporation, by Jasbrinder Sahni, Esq., Brooklyn, NY, for Plaintiff.

Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, by Kenneth A. Stahl, Assistant United States Attorney, Brooklyn, NY, for Defendant.

*MEMORANDUM AND ORDER*

JOHN GLEESON, United States District Judge.

 **\*1** Douglas Hatcher applied to the Social Security Administration ("SSA") for supplemental security income benefits on September 17, 2001. His application was denied. He has brought this action, the second before me in his dispute with the agency, under Title II of the Social Security Act, 42 U.S.C. § 405(g) (2000), asking that I review the dismissal of his request for a hearing before an administrative law judge ("ALJ") of the SSA. The ALJ dismissed the request because Hatcher failed to appear for a scheduled hearing. Before me now are (1) the Commissioner of Social Security's motion to dismiss under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction and (2) Hatcher's cross-motion to remand for a new agency hearing or, in the alternative, for a hearing on whether the dismissal was appropriate. Because I conclude that Hatcher has a colorable due process claim that he lacked constitutionally adequate notice of the hearing, I hold that I have subject matter jurisdiction. Nevertheless, there is insufficient evidence for me to reach a judgment on Hatcher's due process claim. Accordingly, I remand this case for the Commissioner to determine whether the SSA provided adequate notice to Hatcher of his hearing. The Commissioner's decision will, of course, be subject to review by this Court.

BACKGROUND

As mentioned above, this is Hatcher's second appearance before me in his case. On July 2, 2004, he sued the Commissioner of Social Security in the Southern District of New York, seeking judicial review of the SSA's denial of his application for supplemental security income. That same day, the lawsuit was transferred to this Court, but on February 4, 2005 the parties stipulated to a remand for additional proceedings. *See* docket of *Hatcher v. Comm'r of Soc. Sec.,* No. 04-CV-9895.

Following an order of remand by the Appeals Council, on July 8, 2005 the SSA mailed a "Notice of Hearing" form to Hatcher at "1544 Park Place, Brooklyn, N.Y. 11213." *See* Declaration of John J. Timlin ("Timlin Decl."), Ex. 1. The Commissioner states this was Hatcher's "last know [sic] address of record" with the agency. *Id.* ¶ 3(b). Hatcher received the notice, returning an acknowledgement of receipt form to the SSA. *See id.* Ex. 2. Hatcher appeared at the August 2, 2005 hearing and was granted an adjournment so he could obtain counsel. *See id.* at 6. Accordingly, SSA mailed a second "Notice of Hearing" form to Hatcher at his address of record, advising him of a new hearing on November 30, 2005. *Id.* Ex. 4 at 1.

This time, Hatcher claims, he did not receive the notice. Affidavit of Douglas Hatcher ("Hatcher Aff.") ¶ 8. According to Hatcher, the address the SSA used was incomplete. His correct address is apparently "1544 Park Place, *Apt. 2F,* Brooklyn, N.Y. 11213." *Id.* ¶ 10 (emphasis added). Hatcher states, "Sometimes I do not receive mail that is not addressed specifically to my apartment number." *Id.* Apparently this occurs when his regular postal carrier is on leave or vacation. *Id.* According to the SSA, however, the post office did not return the notice as undeliverable. Timlin Decl. ¶ 3(f). Hatcher also claims not to have received the follow-up notice sent to the incomplete address on record with SSA. Hatcher Aff. ¶ 8. The SSA claims that notice was not returned either. Timlin Decl. ¶ 3(g).

 **\*2** Hatcher did not appear at the rescheduled hearing, and on December 28, 2005 the SSA mailed a "Notice

of Dismissal" to the incomplete address of record. *Id.* ¶¶ 3(g), (i). Hatcher did receive this notice. Hatcher Aff. ¶ 8. Hatcher's subsequent request for review was denied by the Appeals Council on January 21, 2006. Timlin Decl. ¶ 31. On February 27, 2006 Hatcher filed this action.

The record is not clear on why Hatcher's address on file with the SSA lacked the crucial "Apt. 2F." On the one hand, Hatcher has been responsible for omitting the apartment number from time to time. For example, he left out the apartment number in his request for review by the Appeals Council below, *see* Timlin Decl. Ex. 7, and in correspondence during his July 2, 2004 lawsuit before me, *see* docket of *Hatcher v. Comm'r of Soc. Sec.,* No. 04-CV-9895. Indeed, the complaint in this very action lists his address on the first page as "1544 Park Place, Bklyn, N.Y. Apt. 2F 11213," but on the third page as "1544 Park Place, Bklyn, N.Y. 11213." *See* Compl. at 1, 3. On the other hand, when Hatcher first filed his application for supplemental security income benefits he had been living at a different address. Hatcher Aff. ¶ 3. The record does not reflect whether Hatcher informed the SSA of the correct new address when he moved while his first Appeals Council review was pending.

Hatcher has since reapplied for supplemental security income, presenting new evidence of his disability, and he has been awarded benefits prospectively. At stake is Hatcher's entitlement to benefits pursuant to his original application.

## DISCUSSION

The question presented is whether I have subject matter jurisdiction over the dismissal of Hatcher's case. The Commissioner argues that I do not, and has brought a motion to dismiss accordingly. Hatcher argues that I do, and asks me to reverse and remand his claim for an agency decision on the merits. In the alternative, Hatcher asks me to remand to allow him "an opportunity to explain the reasons for not appearing at the November 30, 2005 hearing." Hatcher Aff. ¶ 14.

42 U.S.C. § 405(g) permits judicial review of certain claims for disability benefits. That provision is the only waiver of sovereign immunity in the Act. It is thus the Act's exclusive statutory authority for judicial review. *See* 42 U.S.C. § 405(h) ("No findings of fact or decision of the

Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."); *see also id.* § 1383(c)(3) (authorizing review of supplemental security income claims pursuant to § 405(g)). In particular, § 405(g) authorizes that:

> Any individual, after any final decision of the Commissioner of Social Security *made after a hearing* to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

**\*3** *Id.* § 405(g) (emphasis added). The Supreme Court concluded in *Califano v. Sanders,* 430 U.S. 99 (1977), that "[t]his provision clearly limits judicial review to a particular type of agency action, a final decision of the [Commissioner] made after a hearing." 430 U.S. at 108 (internal quotation marks omitted). Accordingly, the Court held that the Commissioner's denial of a petition to reopen a final decision without a hearing on the matter, see 42 U.S.C. § 405(b), was not an agency action subject to judicial review under § 405(g). *See Califano,* 430 U.S. at 108. Courts have extended the holding of *Califano* to an ALJ's dismissal of a disability claim for failure to appear at a hearing, under the rationale that "when there was no hearing and determination of the merits by a final decision, there is nothing for the court to review...." *Plagianos v. Schweiker,* 571 F.Supp. 495, 497 (S .D.N.Y.1983) (holding unreviewable an ALJ dismissal for plaintiff's two-time failure to appear at scheduled hearings to contest denial of application); *see also Lesane v. Apfel,* No. CV 98-4738(RJD), 1999 WL 1288940, at \*2 (E.D.N.Y. Nov. 17, 1999) (collecting cases).

As a general rule, then, § 405(g) precludes subject matter jurisdiction over cases like the one here, in which Hatcher's failure to appear triggered a "final decision" made without a hearing. However, *Califano* provides an exception for the exercise of subject matter jurisdiction pursuant to § 405(g) over "colorable constitutional claims" relating to an agency decision, because "[c]onstitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is

2006 WL 3196849, 114 Soc.Sec.Rep.Serv. 437

essential to the decision of such questions." *Califano,* 430 U.S. at 109.

Courts have previously exercised subject matter jurisdiction to adjudicate constitutional claims relating to SSA denials of supplemental security income. For example, in *Crumble v. Sec'y of Health and Human Servs.,* 586 F.Supp. 57, 58 (E.D.N.Y.1984), the SSA dismissed the plaintiff's request for a hearing on the termination of his supplemental security income payments after plaintiff failed to appear. Plaintiff alleged that while he received notification of the termination of his payments, he failed to receive the notice of hearing and "Notice To Show Cause" sent by the SSA because the agency had omitted the apartment number from his address. *Id.* He further alleged that the signature on the return receipt for the "Notice to Show Cause" was not his. *Id.* The district court remanded, having "reviewed plaintiff's asserted explanation," and "direct[ed] the ALJ to accord claimant an opportunity to substantiate his explanation at the agency level." *Id.* at 60-61. The court, citing "fundamental notions of due process," found that a contrary holding would contradict the purpose of the notice given to the plaintiff. *Id.* at 61.

Hatcher relies heavily upon *Crumble,* arguing that I have subject matter jurisdiction because he has a colorable claim under the Due Process Clause that the SSA failed to give him adequate notice of the hearing he missed. "Though [Hatcher] is ultimately seeking an opportunity to reopen the denial of [his] claim for benefits, [he] wants the Court to adjudicate only the constitutional validity of the notice that led to the denial." *Stieberger v. Apfel,* 134 F.3d 37, 39 (2d Cir.1997). Accordingly, I now turn to the determination of whether Hatcher has a colorable claim.

**\*4** One core requirement of the Due Process Clause is that "individuals whose property interests are at stake are entitled to 'notice and an opportunity to be heard.' " *Dusenberry v. United States,* 534 U.S. 161, 167 (2002) (quoting *United States v. James Daniel Good Real Prop.,* 510 U.S. 43, 48 (1993)). The issue in this case, of course, concerns the adequacy of notice. For the purposes of deciding whether Hatcher's due process claim is colorable, I adopt his adversary's suggestion that *Dusenberry v. United States,* 534 U.S. 161 (2002), supplies the appropriate standard. In *Dusenberry,* the Supreme Court approved the "more straightforward test" supplied by *Mullane v. Central Hanover Bank & Trust Co.,* 339

U.S. 306 (1950), *Dusenberry,* 534 U.S. at 167, under which a court asks whether notice was "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objection," *Mullane,* 339 U.S. at 314. *Accord Stieberger,* 134 F.3d at 39 (citations omitted) ("In many, perhaps most, contexts, notice is constitutionally sufficient if it is reasonably calculated to reach and inform the person entitled to be notified...."). The government need not provide actual notice under this standard, *Dusenberry,* 534 U.S. at 169-70, but it does bear the burden of proof that it followed its procedures in giving notice, *see id.* at 168.

I conclude that Hatcher has a colorable due process claim under this standard. The parties do not dispute that the agency sent Hatcher's notice to an incomplete address. The parties disagree about the reasonableness *vel non* of sending notice to Hatcher's address without an apartment number. The government argues that such action was reasonably calculated under the circumstances to apprise Hatcher of the pending action against him, because the agency had good reason to believe the incomplete address was correct. After all, Hatcher himself often omitted the apartment number from his address, and had previously responded to mail sent by the agency the incomplete address. Hatcher, on the other hand, suggests that the omission was a clerical mistake by the agency. If that is true, the notice was not likely "calculated" to reach Hatcher at all, much less reasonably so. *Cf.* 20 C.F.R. § 416.1489(a) ("We will find that there is good cause to reopen a determination or decision if ... [a] clerical error was made...."). On the facts before me, either party's theory is at least plausible, and therefore I conclude that Hatcher has at least a colorable claim. I hold, therefore, that I have subject matter jurisdiction to fully review the constitutionality of the notice provided to Hatcher. Accordingly, I do not address Hatcher's remaining arguments for subject matter jurisdiction. [1]

The record before me, however, supplies insufficient evidence for me to adjudicate whether the notice was in fact reasonably calculated to apprise Hatcher of the hearing. I have no way to discern whether the error was clerical, Hatcher's own, or both. I do not know whether the SSA followed its procedures in keeping track of or updating Hatcher's address, or indeed whether clerical errors of the sort Hatcher alleges are possible. I do not know whether the SSA was timely informed of Hatcher's

Hatcher v. Barnhart, Not Reported in F.Supp.2d (2006)
Case 7:13-cv-04398-KMK Document 24 Filed 09/21/16 Page 23 of 44
2006 WL 3196849, 114 Soc.Sec.Rep.Serv. 437

correct address. I do not know whether Hatcher's file ever contained the correct address. I therefore cannot adequately judge whether the government's notice was reasonable. I conclude that remand is appropriate because "the expertise of the SSA should be enlisted to make an initial determination, subject to traditional judicial review to determine if an adverse decision is supported by substantial evidence." *Stieberger,* 134 F.3d at 41.

CONCLUSION

**\*5** For the reasons set forth above, the case is remanded to the Commissioner for further proceedings consistent with this opinion.

So ordered.

**All Citations**

Not Reported in F.Supp.2d, 2006 WL 3196849, 114 Soc.Sec.Rep.Serv. 437

Footnotes

1    Of course, the similarity of the facts between *Crumble* and this case provides further support that Hatcher's due process claim is at least "colorable." Here, as in *Crumble,* the plaintiff pleads the excuse that the notices of his hearing were sent to an address missing an apartment number. Here, as in *Crumble,* plaintiff had previously received notices from the agency at that insufficient address. *See Crumble,* 586 F.Supp. at 58. Nevertheless, the district court remanded, finding that the plaintiff's explanation warranted further substantiation at the agency level. I see no reason to fault this reasoning by holding that such a claim is not colorable.

**End of Document**                                        © 2016 Thomson Reuters. No claim to original U.S. Government Works.

Milazzo ex rel. Rodriguez v. Barnhart, Not Reported in F.Supp.2d (2006)

Case 7:13-cv-04398-KMK   Document 24   Filed 09/21/16   Page 24 of 44

2006 WL 2161781

2006 WL 2161781
Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.

Jacqueline MILAZZO on behalf of
Pasquelena A. RODRIGUEZ, Plaintiff,
v.
Jo Anne B. BARNHART, Commissioner
of Social Security, Defendant.

No. 05 CIV. 9218(HB).
|
Aug. 1, 2006.

**Attorneys and Law Firms**

Jacqueline Milazzo, New York, NY, pro se.

### OPINION & ORDER

[HAROLD BAER, JR.](), District Judge. [1]

 **\*1** Jacqueline Milazzo ("Milazzo" or "Plaintiff's
mother"), proceeding *pro se,* filed this action on
behalf of her child, Pasquelena Rodriguez ("Plaintiff"),
requesting that the Court review the Commissioner of
Social Security's ("Commissioner") decision to dismiss
Plaintiff's request of review of the Administrative Law
Judge's ("ALJ") decision to deny her application for
Supplemental Security Income ("SSI") benefits. The
Commissioner has moved to dismiss the case pursuant
to Rules 12(b)(1) and 12(b)(6) for lack of subject matter
jurisdiction as well as failure to state a claim. For the
reasons set forth below, the motion to dismiss this claim
is GRANTED.

### I. PROCEDURAL HISTORY

The following facts are undisputed. Plaintiff's mother filed
an application for SSI benefits, which was denied at the
local Social Security office and also on reconsideration
by the State Disability Determination Services office. She
then requested an administrative hearing on December
16, 2003. By letter dated April 21, 2005, a hearing
was scheduled for May 16, 2005 at 8:30 am. The letter

informed Milazzo that she should contact the office if she
could not attend the hearing. She failed to do so. Along
with the letter, she was sent an acknowledgement form
to sign and return to the office, which she also failed to
do. On May 13, 2005, the SSI hearing office called and
reminded Plaintiff's mother about the hearing on May 16,
2005. Plaintiff and her mother failed to appear for the May
16, 2005 hearing.

The ALJ issued a Notice to Show Cause for Failure to
Appear on May 16, 2005. The letter informed Milazzo that
she must submit a written statement to the ALJ by May
26, 2005 that set forth a good reason for why she did not
appear for the hearing. Milazzo did not respond to this
notice and on June 20, 2005, the ALJ issued an Order of
Dismissal.

On July 5, 2005, Plaintiff's mother requested an Appeals
Council review of the Dismissal Order at which time she
explained that "[t]here was a situation at the time of my
appointment on May 16, 2005 that made the time difficult
to meet." The Appeals Council denied the request for a
review and on October 4, 2005, Milazzo filed this civil
action in this Court.

### II. DISCUSSION

A civil action in federal court that challenges the denial
of social security benefits can only be filed after "any
final decision of the Commissioner of Social Security
made after a hearing to which he was a party." [42
U.S.C. § 405(g)](). The Supreme Court has explained that
this statute "clearly limits judicial review to a particular
type of agency action, 'a final decision of the Secretary
made after a hearing.' " *Califano v. Sanders,* [430 U.S.
99, 107-09 (1977)](). Dismissal for failure to appear at the
hearing does not constitute a final decision on the merits
and consequently cannot be reviewed under [42 U.S.C.
§ 405(g)](). *See, e.g., Plagianos v. Schweiker,* [571 F.Supp.
495, 497 (S.D.N.Y.1983)]() ("[W]hen there was no hearing
and determination of the merits by a final decision, there
is nothing for the court to review ... an application for
judicial review fails to state a claim on which relief may
be granted"); *Lesane v. Apfel,* [1999 WL 1288940, *2
(E.D.N.Y.1999)]() (holding that the failure of the plaintiff
to appear at a benefits hearing did not constitute a final
decision).

Milazzo ex rel. Rodriguez v. Bahman, Not Reported in F.Supp.2d (2006)

Case 7:13-cv-04398-KMK   Document 24   Filed 09/21/16   Page 25 of 44

2006 WL 2161781

**\*2** Further, the plaintiff in this case has failed to raise a constitutional issue, and therefore cannot obtain judicial review on that basis. *Cf. Crumble v. Secretary of Health and Human Services,* 586 F.Supp. 57, 58-60 (E.D.N.Y.1984) (judicial review granted when the plaintiff raised due process concerns because he was not afforded an opportunity to explain his failure to appear at the hearing).

**All Citations**

Not Reported in F.Supp.2d, 2006 WL 2161781

Footnotes

1       William Pollack, a Summer 2006 intern in my Chambers and second-year law student at the University of Michigan School of Law, provided substantive assistance in the research for this Opinion.

---

End of Document

© 2016 Thomson Reuters. No claim to original U.S. Government Works.

2013 WL 5663071
Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.

Anthony MOSES, Plaintiff,

v.

Carolyn W. COLVIN, Acting Commissioner
of Social Security, Defendant.

No. 13 Civ.2041(LGS)(JCF).
|
Oct. 17, 2013.

*REPORT AND RECOMMENDATION*

JAMES C. FRANCIS IV, United States Magistrate
Judge.

**\*1** The plaintiff, Anthony Moses, brings this action
pro se pursuant to 42 U.S.C. § 405(g), seeking judicial
review of a determination of the Commissioner of the
Social Security Administration (the "Commissioner")
that dismissed his request for a hearing on a claim
for Supplemental Security Income ("SSI") benefits after
the plaintiff failed to appear as scheduled before an
Administrative Law Judge ("ALJ"). The Commissioner
has filed a motion to dismiss pursuant to Rule (12)(b)(1)
of the Federal Rules of Civil Procedure, contending that
the district court lacks subject matter jurisdiction.

For the reasons stated below, I recommend that the
motion be granted so that the Commissioner may provide
Mr. Moses an opportunity to establish good cause for his
failure to attend his hearing.

*Background*

Anthony Moses filed a claim for SSI benefits in August
2011. (Declaration of Patrick J. Herbst dated July 30,
2013, 9[ (3)(a) ("Herbst Decl.")). The Social Security
Administration (the "SSA") denied his application on
January 4, 2012. (Herbst Decl., 9[ (3)(a)). On February
16, 2012, pursuant to the SSA's guidelines, Mr. Moses
requested a hearing before an ALJ to challenge the SSA's
determination. (Herbst Decl., 9[ (3)(a)). On April 5, 2012,
the SSA sent the plaintiff a Notice of Hearing, informing
him that a hearing had been scheduled for July 12, 2012.

(Herbst Decl., 9[ (3) (b)). [1] Mr. Moses signed and returned
an Acknowledgment for Receipt of Hearing on April 11,
2012. (Herbst Decl., 9[ (3)(b)). On June 28, 2012, two
weeks prior to the scheduled hearing, the SSA sent Mr.
Moses a Notice of Hearing Reminder. (Herbst Decl., 9[ (3)
(b)).

Mr. Moses did not attend the hearing on July 12, 2012,
and that same day the ALJ issued an Order of Dismissal
for failure to appear. (Herbst Decl., 9[ (3) (c); Order of
Dismissal, attached as Exh. 1 to Herbst Decl.). There
is no indication that the SSA attempted to contact Mr.
Moses on or after the day of the hearing. (Herbst Decl.,
9[ (3)(c)). Nor did the SSA send Mr. Moses a Notice
to Show Good Cause, a common method of soliciting
information concerning reasons the claimant did not
appear at his scheduled hearing and assessing whether
he may be eligible for another hearing opportunity. 20
C.F.R. § 416.1457(b)(1) (Herbst Decl., ¶ 3(c)). Thus,
no hearing was ever held either on the merits of Mr.
Moses' claim or on the issue of whether Mr. Moses could
demonstrate good cause for failure to attend the scheduled
hearing.

Mr. Moses sought review of the ALJ's order by the
Appeals Council, which denied the request on January 24,
2013. (Herbst Decl ., ¶ (3)(d); Action of Appeals Council
on Request for Review of Dismissal, attached as Exh. 2 to
Herbst Decl.). The plaintiff then filed this action on March
26, 2013.

Mr. Moses claims that he was unable to attend his hearing
before the ALJ because he was incarcerated on the date
that it was scheduled. (Affirmation in Opposition to
Defendant's Motion to Dismiss dated August 2, 2013).
In light of the "information and evidence supplied by
Plaintiff with his request for Appeals Council review and
with the complaint he filed in District Court," the Appeals
Council is now offering to provide Mr. Moses with a
new hearing for the purposes of determining whether
he had good cause for failing to appear at the July
12, 2012 hearing. (Herbst Decl., ¶ (3)(e); Defendant's
Memorandum of Law in Support of Motion to Dismiss
("Def.Memo.") at 6).

*Discussion*

A. *Standard of Review*

**\*2** In considering a motion to dismiss for lack of subject matter jurisdiction, the court must accept as true all factual allegations in the complaint and must draw all reasonable inferences in favor of the plaintiff. *Natural Resources Defense Council v. Johnson,* 461 F.3d 164, 171 (2d Cir.2006). Unlike on a Rule 12(b)(6) motion, the court is authorized to consider matters outside of the pleadings, including affidavits, documents, and testimony if necessary. *See Kamen v. American Telephone & Telegraph Co.,* 791 F.2d 1006, 1010–11 (2d Cir.1986); *Melnitzky v. HSBC Bank USA,* No. 06 Civ. 13526, 2007 WL 1159639, at \*5 (S.D.N.Y. April 18, 2007). Although the submissions of a *pro se* plaintiff like Mr. Moses must be liberally construed, see *McEachin v. McGuinnis,* 357 F.3d 197, 200–01 (2d Cir.2004), an action cannot be sustained if subject matter jurisdiction is lacking. *Lyndonville Savings Bank & Trust Co. v. Lussier,* 211 F.3d 697, 700–01 (2d Cir.2000).

### B. *42 U.S.C. § 405(g)*

Section 405 (g) of the Social Security Act provides for limited judicial review of final decisions of the Commissioner. That section states, in pertinent part, that "[a]ny individual, after any *final decision* of the Commissioner of Social Security made *after a hearing* to which he was a party ... may obtain review of such decision" in a "district court of the United States ." 42 U.S.C. § 405(g) (emphasis added). The SSA has promulgated regulations outlining the process by which an applicant must exhaust administrative remedies prior to appealing a "final decision" in federal court. After the SSA makes a determination regarding an initial request for benefits, an applicant who wishes to contest that determination must first seek reconsideration, then request a hearing before an ALJ and then, if still unsatisfied, request a review of the ALJ's decision by the Appeals Council. 20 C.F.R. § 416.1400(a); *Louis v. Commissioner of Social Security,* No. 09 Civ. 4725, 2010 WL 743939, at \*2 (S.D.N.Y. March 2, 2010). [2] Only after a plaintiff has completed these steps and obtained a decision from the Appeals Council will the decision become "final" and potentially eligible for federal district court review. 20 C.F.R. §§ 416.1400(a), 416.1481; *see also Escalera v. Commissioner of Social Security,* 457 F. App'x 4, 6 (2d Cir.2011).

An ALJ's dismissal of a request for a hearing is binding, unless it is subsequently vacated by the ALJ or the

Appeals Council. 20 C.F.R. § 416.1459. That it is "binding," however, does not mean it is a "final decision." The Second Circuit interprets Section 405(g) to grant jurisdiction to review an SSA decision only if that decision follows an actual hearing on the merits. *Dietsch v. Schweiker,* 700 F.2d 865, 867 (2d Cir.1983) (stating that Appeals Council dismissal predicated on procedural default "is not reviewable by the district court because it is not a 'final decision' under § 405(g)"). Under this interpretation, a "[d]ismissal for failure to appear at the hearing does not constitute a final decision on the merits and consequently cannot be reviewed under 42 U.S.C. § 405(g)." *Milazzo ex rel. Rodriguez v. Barnhart,* No. 05 Civ. 9218, 2006 WL 2161781 (S.D.N.Y. Aug. 1, 2006) (citing *Plagianos v. Schweiker,* 571 F.Supp. 495, 497 (S.D .N.Y.1982) ("[W]hen there was no hearing and determination on the merits by a final decision, there is nothing for the court to review ... [and] absent any constitutional question, an application for judicial review fails to state a claim on which relief may be granted.")); *see also Saldana v. Astrue,* No. 07 Civ. 5893, 2008 WL 534762, at \*2 (S.D.N.Y. Feb. 25, 2008) ("failure to appear at [a] hearing [means] this Court lacks jurisdiction over the action"); *Urena v. Commissioner of Social Security,* No. 02 Civ. 8537, 2003 WL 21702285, at \*2 (S.D.N.Y. July 23, 2003) (invocation of Section 405(g) jurisdiction was inappropriate to review an SSA decision based on the procedural ground of failure to appear).

**\*3** Mr. Moses appealed the denial of his claim first to an ALJ and then to the Appeals Council, the appropriate procedure for exhausting administrative remedies before seeking judicial review. However, because Mr. Moses' claim is based on the dismissal of his request for a hearing after he failed to appear, and not the outcome of a merits-based hearing, it is not a "final decision" under § 405(g) that is subject to review by this court.

### C. *Exceptions to 42 U.S.C. § 405(g)*

There are certain circumstances in which a federal court may review an SSI claim even though it has not been adjudicated on the merits in a hearing that has produced a "final decision." For example, while dismissal for lack of subject matter jurisdiction is generally appropriate in cases involving a plaintiff's failure to appear, courts have dispensed with the hearing requirement when "the plaintiff has raised a colorable constitutional claim relating to the agency decision." *Guerra v. Commissioner of Social Security,* No. 12 Civ. 6750, 2013 WL 3481284,

at *3 (S.D.N.Y. July 1, 2013) (internal quotation marks omitted). A colorable constitutional claim includes allegations that the "SSA failed to comply with its own procedures in considering [the plaintiff's] claim" or that "[the plaintiff] did not receive notice ... suggest [ing] good cause for having failed to appear and an attendant lack of due process." *Id.* at *4; *see also Crumble v. Secretary of Health & Human Services,* 586 F.Supp. 57, 57–61 (E.D.N.Y.1984) (denying motion to dismiss for lack of subject matter jurisdiction in part because plaintiff had not received an opportunity to explain his failure to appear for scheduled hearing); *Califano v. Sanders,* 430 U.S. 99, 109 (1977) (noting "well-established principle that when constitutional questions are in issue, the availability of judicial review is presumed" under Section 405(g)).

Additionally, a court may exercise mandamus jurisdiction under 28 U.S.C. § 1361 and review a social security claim even though it has not been adjudicated after a hearing on the merits under 42 U.S.C. § 405(g). In order to qualify for mandamus relief, a plaintiff must demonstrate that (1) he has a right to have the act at issue performed, (2) the defendant is under a clear nondiscretionary duty to perform that act, and (3) the plaintiff has exhausted all other avenues of relief. *See City of New York v. Heckler,* 742 F.2d 729, 739 (2d Cir.1984); *Urena,* 2003 WL 21702285 at *2.

The SSA regulations allow an ALJ to dismiss a claimant's request for a hearing if he "[does not] appear[ ] at the time and place set for the hearing ... and good cause has not been found by the [ALJ] for [his] failure to appear," or if "[the claimant does not] give a good reason for the failure to appear" in response to a notice from the ALJ "asking why [he] did not appear." 20 C.F.R. § 416.1457(b) (1). Here, the ALJ apparently determined that Mr. Moses had not established good cause for his failure to appear at the hearing and dismissed his request for a hearing that same day. The ALJ did not attempt to contact Mr. Moses, who had previously been responsive regarding his hearing, nor did the ALJ send a letter requesting that Mr. Moses provide information to establish good cause for having missed his hearing, as anticipated in at least some instances

by section 416.1457(b)(1)(ii) of the regulations. (Herbst Decl., ¶ (3)(e)).

**\*4** Mr. Moses has not alleged that his constitutional rights were violated when the ALJ and Appeals Council dismissed his request for a hearing without providing an opportunity for him to show good cause for his failure to attend, nor does he argue that the prerequisites for mandamus jurisdiction have been met and that he had a right to a non-discretionary hearing to establish good cause. Such a determination is unnecessary at this time, as another avenue of relief is available to Mr. Moses. The Appeals Council has indicated that it is now willing to hold a hearing on whether Mr. Moses had good cause for his failure to appear in July 2012, apparently reconsidering the information he submitted during his original appeal to the Council in light of his complaint in this case. (Herbst Decl., ¶ (3)(e)). The SSA should be allowed this opportunity to "correct its own errors" and "compile a record which is adequate for judicial review." *Weinberger v. Salfi,* 422 U.S. 749, 765 (1975) (listing rationales for requiring exhaustion of administrative remedies prior to judicial review).

*Conclusion*

For the reasons set forth above, I recommend that the defendant's motion (Docket no. 12) be granted and the complaint be dismissed. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days to file written objections to this report and recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the Honorable Lorna G. Schofield, Room 201, 40 Foley Square, New York, New York 10007, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

**All Citations**

Not Reported in F.Supp.2d, 2013 WL 5663071

---

Footnotes

1    Although the Herbst Declaration refers to July 12, 2002, it is apparent that the correct date is July 12, 2012.

2    In some cases, including, apparently, Mr. Moses', the SSA eliminates the reconsideration step and simply notifies the claimant that he may request a hearing before an ALJ immediately after the initial determination. 20 C.F.R. § 416.1406(b) (4).

**End of Document**                              © 2016 Thomson Reuters. No claim to original U.S. Government Works.

2013 WL 6049096
Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.

Anthony MOSES, Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY, Defendant.

No. 13 Civ.2041(LGS).
|
Nov. 15, 2013.

OPINION AND ORDER

LORNA G. SCHOFIELD, District Judge.

**\*1** Plaintiff Anthony Moses brings this action pro se against Defendant Carolyn W. Colvin, Commissioner of Social Security ("Commissioner"), seeking judicial review of the Social Security Administration's ("SSA") dismissal of Plaintiff's request for a hearing on a claim for Supplemental Security Income ("SSI") benefits after failing to appear at a previously scheduled hearing before an Administrative Law Judge ("ALJ"). Defendant has filed a Motion to Dismiss, claiming that the court lacks subject matter jurisdiction ("Motion"). (Dkt. No. 12).

Before the Court is the Report and Recommendation of Magistrate Judge Francis ("Report"), recommending that the Court grant Defendant's Motion "so that the Commissioner may provide Mr. Moses an opportunity to establish good cause for his failure to attend his hearing." (Report at 1, Dkt. No. 19).

**I. Background**

Plaintiff filed a claim for SSI benefits, which the SSA denied on January 4, 2012. At Plaintiff's request, the SSA scheduled a hearing before an ALJ for July 12, 2012 to give Plaintiff a chance to challenge this denial. Plaintiff did not attend the hearing, and the ALJ issued an order of dismissal for failure to appear. Plaintiff claims that he was unable to attend the hearing because he was incarcerated on the date for which it was scheduled. Plaintiff sought review of the ALJ's order by the Appeals Council, which denied the request on January 24, 2013.

Plaintiff filed the Complaint in this action on March 26, 2013. (Dkt. No. 2). The case was referred to Magistrate Judge Francis on April 3, 2013. (Dkt. No. 7). On July 30, 2013, the Commissioner filed the present Motion. On October 17, 2013, Judge Francis issued the Report, recommending that the Court grant the Motion and dismiss the case. Plaintiff filed his objections to the Report on November 12, 2013 ("Objections"). (Dkt. No. 21).

**II. Standard of Review**

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "The Court reviews the Report strictly for clear error where no objection has been made, and makes a de novo determination regarding those parts of the Report to which objections have been made." McDonald v. Astrue, 672 F.Supp.2d 542, 547 (S.D.N.Y.2009).

De novo review of a magistrate judge's report does not require the Court to conduct a de novo hearing on the underlying issues. United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, Congress intended "to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." Id. Further, courts have held that when exercising de novo review, '[t]he district court need not ... specifically articulate its reasons for rejecting a party's objections.' LaBarbera v. D. & R. Materials Inc., 588 F.Supp.2d 342, 344 (E.D.N.Y.2008) (alterations in original) (quoting Morris v. Local 804, Int'l Bhd. of Teamsters, 167 Fed. Appx. 230, 232 (2d Cir.2006)).

**\*2** To invoke de novo review of the magistrate judge's recommendations, a party's objections "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." McDonagh, 672 F.Supp.2d at 547 (internal quotation marks omitted). When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error. Crowell v. Astrue, No. 08 Civ. 8019, 2011 WL 4863537, at \*2 (S.D.N.Y. Oct. 12, 2011) (citing Pearson Fraser v. Bell Atl., No. 01 Civ. 2343, 2003 WL 43367, at \* 1 (S.D.N.Y. Jan. 6, 2003)). A decision is "clearly erroneous" when the Court, upon review of the entire record, is "left with the definite and firm conviction

WESTLAW   © 2016 Thomson Reuters. No claim to original U.S. Government Works.

that a mistake has been committed." *United States v. Snow,* 462 F.3d 55, 72 (2d Cir.2006) (internal quotation marks omitted).

### III. Discussion

Here, Plaintiff's Objections are not sufficient to invoke de novo review. The Objections are not specific or clearly aimed at particular findings in the Report. Instead, the Objections are simply conclusory and reiterate Plaintiff's original arguments as to why he qualifies for SSI benefits and why he had good cause to miss the hearing on July 12, 2012.

Accordingly, the Court has reviewed the Report for clear error, and has found none. Judge Francis has made the appropriate recommendation that the case be dismissed for lack of subject matter jurisdiction.

The Court notes that even though the case before it will be dismissed, Plaintiff's ongoing effort to apply for SSI benefits will not be terminated. The Report states that "the Appeals Council is now offering to provide Mr. Moses with a new hearing for the purposes of determining whether he had good cause for failing to appear at the July 12, 2012 hearing." (Report at 3). Therefore, at this new hearing, Plaintiff will have an opportunity to pursue the relief that he seeks and can present the evidence of his incarceration on July 12, 2012, which was included with his Objections.

### IV. Conclusion

The Court ADOPTS the Report in its entirety as the decision of the Court. This case is DISMISSED. A certificate of appealability shall not issue, as Petitioner has not made a substantial showing of the denial of a constitutional right.

The Clerk of Court is directed to mail a copy of this order to the pro se Plaintiff and close this case.

SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2013 WL 6049096

---

 © 2016 Thomson Reuters. No claim to original U.S. Government Works.

 © 2016 Thomson Reuters. No claim to original U.S. Government Works.

Case 7:13-cv-04398-KMK   Document 24   Filed 09/21/16   Page 32 of 44

2008 WL 534762
Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.

Jose I. SALDANA, Plaintiff,
v.
Michael J. ASTRUE, Commissioner
of Social Security, Defendant.

No. 07 Civ. 5893(DLC).
|
Feb. 25, 2008.

**Attorneys and Law Firms**

Jose I. Saldana, Bronx, NY, pro se.

Leslie A. Ramirez-Fisher, Assistant United States Attorney, Southern District of New York, New York, NY, for Defendant.

*OPINION & ORDER*

DENISE COTE, District Judge.

**\*1** Plaintiff Jose I. Saldana brings this action *pro se* pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), ostensibly seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying his eligibility for Supplemental Security Income ("SSI") benefits as provided for under the Social Security Act (the "Act"). Defendant Commissioner of Social Security Michael J. Astrue moves to dismiss this action for lack of jurisdiction or, in the alternative, for summary judgment. Saldana has not submitted opposition to Commissioner's motion. For the reasons set forth below, the motion for summary judgment is granted.

BACKGROUND

The facts are drawn from the Commissioner's Statement of Facts Pursuant to Local Rule 56.1. These facts are undisputed because Saldana has not submitted any opposition to the Commissioner's motion. On April 16 and April 28, 2003, Saldana filed applications for SSI benefits. The applications were denied on or about July 22, 2003. On January 12, 2005, Saldana requested a hearing before an administrative law judge ("ALJ"). On July

27, 2006, the ALJ dismissed Saldana's case without a hearing because Saldana failed to appear for his scheduled hearing, failed to respond to a Notice to Show Cause for Failure to Appear, and did not otherwise provide a reason to the ALJ for his failure to appear at the hearing. Saldana then requested review by the Appeals Council on August 24. The Appeals Council denied plaintiff's request for review on September 22.

Saldana initiated the instant action on June 21, 2007 by filing a form complaint. Attached to the form complaint was a letter to Saldana dated May 3, 2007, in which the Appeals Council notified him that it was "now setting aside" its September 22, 2006 action "to consider additional information." Having considered said "additional information," however, the Appeals Council "found no reason under our rules to review the Administrative Law Judge's decision." The Council therefore denied Saldana's request for review and notified him that the ALJ's decision "is the final decision of the Commissioner of Social Security in your case."

The Commissioner moved to dismiss Saldana's complaint on December 18, 2007, contending that this Court lacked jurisdiction over the action because Saldana did not obtain a "final decision made after a hearing," the prerequisite for judicial review of the Commissioner's decision. In the alternative, the Commissioner moved for summary judgment on the same grounds. By Order dated December 19, Saldana was required to submit any opposition by January 25, 2008. No opposition or request for an extension was submitted. In his motion to dismiss, the Commissioner represented without explanation that, following Saldana's filing of this action, the Appeals Council determined that dismissal of Saldana's request for a hearing was not warranted, and that once court action was taken on this matter, Saldana's case would be returned to an ALJ for a hearing and decision on the merits.

**\*2** In an order dated February 11, 2008, the Court observed the apparent inconsistency between (1) the Commissioner's representation that, once court action is taken on this matter, Saldana's case will be returned to an ALJ for a hearing and decision on the merits, and (2) the statement made in the May 3, 2007 letter from the Appeals Council to Saldana informing him that his request for review had been denied and that this was "the final decision of the Commissioner of Social Security in your case." The Commissioner was ordered to explain

these representations. In a letter dated February 22, 2008, the Commissioner wrote,

> Although the Appeals Council denied plaintiff's request for review of the ALJ's decision dismissing his case, upon further review the Commissioner decided that plaintiff should be given another opportunity to appear for his hearing. In reaching this determination, the Commission noted that although plaintiff did not appear for the scheduled hearing, his representative was present; the Notice of Hearing was sent to an old address; and plaintiff's underlying mental impairments may have affected his ability to function.

Saldana was invited to respond to the February 11 order, but did not do so.

### DISCUSSION

When presented with a motion to dismiss, the court may not consider matters outside of the pleadings without converting the motion into a motion for summary judgment. *Friedl v. City of New York,* 210 F.3d 79, 83-84 (2d Cir.2000). As the Second Circuit has noted, "vigorous enforcement of the conversion requirement helps ensure that courts will refrain from engaging in fact-finding when considering a motion to dismiss, and also that plaintiffs are given a fair chance to contest defendants' evidentiary assertions where a court nonetheless does consider evidence extrinsic to the complaint in that context." *Amaker v. Weiner,* 179 F.3d 48, 50 (2d Cir.1999). Saldana's complaint and the attached letter from the Appeals Council are bereft of factual allegations. The only facts of record are contained in an affidavit from a Social Security Administration supervisor, submitted by the Commissioner in connection with his motion to

dismiss or, in the alternative, for summary judgment. [1] The motion to dismiss is converted to a motion for summary judgment so that these facts can appropriately be considered. The motion for summary judgment is granted because the undisputed facts of record show that this Court lacks jurisdiction over the instant action.

The Social Security Act provides for limited judicial review of final decisions of the Commissioner. *See* 42 U.S.C. § 405(g). The pertinent provision states that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party ... may obtain review of such decision" in a "district court of the United States." *Id.* The Supreme Court has made clear that this provision limits judicial review to a "final decision of the [Commissioner] made after a hearing." *Califano v. Sanders,* 430 U.S. 99, 108 (1977). Further, the Second Circuit has ruled that dismissal by the Commissioner based on a procedural default "is not reviewable by the district court because it is not a final decision within the meaning of § 405(g)." *Dietsch v. Schweiker,* 700 F.2d 865, 867 (2d Cir.1983) (citation omitted). Because the undisputed facts of record show that Saldana's administrative proceedings were dismissed by the ALJ without a hearing due to Saldana's procedural default-that is, his failure to appear at his hearing-this Court lacks jurisdiction over the action.

### CONCLUSION

**\*3** The Commissioner's December 18, 2007 motion to dismiss is converted into a motion for summary judgment and is granted. Pursuant to the Commissioner's representation to this Court, Saldana has the right to a new hearing on his claims before an ALJ. The Clerk of Court shall close the case.

### SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2008 WL 534762

Footnotes

1    In connection with his motion to dismiss, the Commissioner provided Saldana with a Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment. The Notice informed Saldana that "[t]he claims you assert in your complaint may be dismissed without a trial if you do not respond to this motion."

WESTLAW   © 2016 Thomson Reuters. No claim to original U.S. Government Works.                    2

**End of Document**

© 2016 Thomson Reuters. No claim to original U.S. Government Works.

2015 WL 4393022
Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.

Andre STEADMAN, Plaintiff,
v.
Carolyn W. COLVIN, Acting Commissioner
of Social Security, Defendant.

No. 14–CV–7495 (VEC)(DCF).
|
Signed July 14, 2015.

ORDER ADOPTING REPORT
& RECOMMENDATION

VALERIE CAPRONI, District Judge.

**\*1** *Pro se* Plaintiff Andre Steadman commenced this action seeking review of the denial of his application for Supplemental Security Income ("SSI") by the Social Security Administration ("SSA"). On September 30, 2014, this Court referred the action to Magistrate Judge Debra C. Freeman. Dkt. 5. On January 5, 2015, Defendant Carolyn W. Colvin moved for dismissal of Plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(1), arguing that the Court does not have subject matter jurisdiction over Plaintiff's claim because Plaintiff failed to exhaust his administrative remedies. Dkt. 12. On April 23, 2015, Magistrate Judge Freeman issued a Report and Recommendation ("R & R") recommending that Defendant's motion to dismiss be granted. Dkt. 15. The R & R notified Plaintiff that, pursuant to 28 U .S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, his deadline to file an objection to the R & R was May 11, 2015. No objections were filed.

**DISCUSSION**

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b) (1)(C). When no objections are made to a magistrate judge's report, a district court may adopt the report so long as "there is no clear error on

the face of the record." *Phillips v. Reed Grp., Ltd., 955 F.Supp.2d 201, 211 (S.D.N.Y.2013)* (citation omitted).

**CONCLUSION**

Upon careful review of the R & R, the Court finds no clear error and agrees with Magistrate Judge Freeman's findings. Accordingly, the R & R is adopted in full, and Defendant's motion to dismiss is GRANTED. The Clerk of the Court is respectfully directed to terminate the case.

**SO ORDERED.**

**REPORT AND RECOMMENDATION**

DEBRA FREEMAN, United States Magistrate Judge.

**TO THE HONORABLE VALERIE E. CAPRONI, U.S.D.J.:**

In this action, *pro se* plaintiff Andre Steadman ("Plaintiff") seeks review of the determination of the Social Security Administration ("SSA"), denying his application for Supplemental Security Income ("SSI") disability benefits. Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("Defendant" or the "Commissioner") seeks dismissal of Plaintiff's Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, on the ground that Plaintiff has failed to exhaust the administrative remedies provided by the Social Security Act (the "Act"), and, as a result, this Court does not have jurisdiction over his claim.

For the reasons set forth below, I respectfully recommend that Defendant's motion to dismiss (Dkt.11) be granted.

***BACKGROUND*** [1]

On January 19, 2012, Plaintiff filed an application for SSI with the Social Security Administration ("SSA") pursuant to Title XVI of the Act. (*See* Declaration of Roxie Rasey Nicoll, dated Nov. 3, 2014 ("Nicoll Deck"), Ex. 1 (Disability Determination and Transmittal) (Dkt.13–1).) On April 17, 2012, the SSA issued an initial denial of Plaintiff s application, noting that Plaintiff had cerebrovascular disease and organic mental disorders, but finding that he was not disabled through the date of

its determination. (*See id.*) On May 24, 2012, Plaintiff requested a hearing before an administrative law judge ("ALJ"), stating that he disagreed with the SSA's initial determination because he was "unable to work and under a doctor's care." (*See* Nicoll Deck, Ex. 2 (Request for a Hearing by Administrative Law Judge ("Request for Hearing")) (Dkt.13–2).) In his Request for Hearing, which he signed, Plaintiff provided a mailing address of: 19 Lawrence St., Apt. 1W, Yonkers N.Y. 10705. (*Id.*)

**\*2** It appears that a hearing was then scheduled, and that, on February 14, 2013, a Notice of Hearing was sent via first class mail to Plaintiff's Lawrence Street address, [2] advising Plaintiff of the time and place of the hearing and explaining that a failure to appear without good cause could result in a dismissal of the Request for Hearing. (*See* Order of Dismissal.) While nothing in the record suggests that Plaintiff did not receive this Notice (*See id* . (noting that the Notice of Hearing was "not returned as being undeliverable and is presumed to have been delivered as addressed")), Plaintiff did not return an enclosed Acknowledgment of Receipt form (*See id.*). As a result, a second written Notice was apparently sent to him on March 6, 2013 (*see id.*), and, in addition, the Hearing Office apparently attempted—unsuccessfully—to contact Plaintiff by phone on March 18, 2013, to advise him again of the hearing date (*see id.*).

The hearing was scheduled for March 22, 2013, but Plaintiff failed to appear, leading ALJ Brian W. Lemoine to issue a decision on that date, dismissing Plaintiff's Request for Hearing. (*Id.* (dismissing Request for Hearing on the ground that there was "no good cause for the claimant's failure to appear at the time and place of hearing").) A copy of the Order of Dismissal was apparently mailed to Plaintiff's Lawrence Street address on March 22, 2013. (*See id.*) As a result of the dismissal of the Request for Hearing, the April 17, 2012 initial denial of Plaintiff's SSI application remained in effect. (*Id.*)

On May 21, 2013, Plaintiff, acting through Mario A. Davila (a Social Security disability advocate with Binder & Binder) as his representative, filed a Request for Review of the dismissal with the Appeals Council. (*See* Nicoll Decl., Ex. 4 (Request for Review) (Dkt.13–4).) The Appeals Council denied Plaintiff s Request for Review on July 28, 2014, and sent written notice to the Plaintiff at his Lawrence Street address, stating:

[W]e considered the reasons you disagree with the dismissal and the additional evidence from the Supreme Court of the State of New York and the Criminal Court of the City of New York—County of New York. We find that this information does not provide a basis for changing the Administrative Law Judge's dismissal.

(Nicoll Decl., Ex. 5 (Notice of Appeals Council Action) (Dkt.13–5).) Although Plaintiff had also submitted medical evidence to the Appeals Council with his Request for Review, the Council determined that that evidence was "not about the dismissal of the request for hearing," presumably because it related to Plaintiff's disability, not to his failure to appear at the hearing. (*Id.*) The Appeals Council did state, though, that it would send that evidence to the SSA office in Yonkers, which "would inform the Plaintiff whether the information changes the determination dated April 17, 2012." [3] (*Id.*) Neither party has informed this Court whether the SSA office in Yonkers has since made a further determination regarding Plaintiff's claim, and this Court thus assumes that the matter is still pending in that office.

**\*3** Plaintiff commenced an action in this Court on September 16, 2014. (*See* Dkt. 1.) In his Complaint, Plaintiff stated that he was homeless, but provided a mailing address on Morris Place, in Yonkers. (*See* Complaint, dated Sept. 5, 2014 ("Compl") (Dkt.1), ¶ 2.) Later, in a letter to Defendant's counsel, Plaintiff stated that he had "live[d] on the # 2 Train for 5 years," but indicated that, at the time of his letter, he was living on West 108th Street, in Manhattan. (*See* Letter to Joseph A. Pantoja from Plaintiff, dated Feb. 10, 2015 (Dkt.14).) Even though, in the context of this case, Plaintiff has thus twice provided contact information that is different from the Lawrence Street address that he provided to the SSA, Plaintiff does not allege that he did not receive the Notices of Hearing or other documents that the SSA apparently sent to that address.

### DISCUSSION

### I. *APPLICABLE LEGAL STANDARDS*

### A. *Rule 12(b)(1)*

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a case for lack of subject matter jurisdiction. Such a motion should be granted where "the district court lacks the statutory or constitutional power to adjudicate" the case. *Navan v. Astrue,* No. 11 Civ. 6732(DLC), 2012 WL 398635, at *2 (S.D.N.Y. Feb. 8, 2012) (quoting *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir.2000)). Indeed, "[f]ederal courts are courts of limited jurisdiction, and may not preside over cases absent subject matter jurisdiction." *Cherry v. Law Office of Felix Kozak,* No. 11 Civ. 3471(SJF)(WDW), 2011 WL 4056069, at *1 (E.D.N.Y. Aug. 28, 2011); *see also County of Nassau v. Hotels.com LP,* 577 F.3d 89, 91 (2d Cir.2009). Further, "[l]ack of subject matter jurisdiction cannot be waived." *Cherry,* 2011 WL 4056069, at *1.

When considering a motion to dismiss for lack of subject matter jurisdiction, the court must accept as true all factual allegations in the complaint, and must draw all reasonable inferences in favor of the plaintiff. *Moses v. Colvin,* No. 13 Civ.2041(LGS)(JCF), 2013 WL 5663071, at *2 (S.D.N.Y. Oct. 17, 2013) *report and recommendation adopted sub nom. Moses v. Comm'r of Soc. Sec.,* No. 13 Civ.2041(LGS), 2013 WL 6049096 (S.D.N.Y. Nov. 15, 2013). Additionally, where a plaintiff is proceeding *pro se,* courts in the "[Second] Circuit are instructed to construe the pleadings liberally." *Guerra v. Comm'r of Soc. Sec.,* No. 12 Civ. 6750(CS)(PED), 2013 WL 3481284, at *2 (S.D.N.Y. July 1, 2013) (adopting report and recommendation) (citing *Weinstein v. Albright,* 261 F.3d 127, 132 (2d Cir.2001)). Unlike on a Rule 12(b)(6) motion (to dismiss for failure to state a claim), however, a court may refer to evidence outside of the pleadings on a motion brought under Rule 12(b)(1). *Navan,* 2012 WL 398635, at *2. Where subject matter jurisdiction is challenged, the plaintiff bears the burden of demonstrating, by a preponderance of the evidence, that jurisdiction exists. *Id.*

### B. *42 U.S.C. § 405(g)*

**\*4** A district court is vested with subject matter jurisdiction over a Social Security claim only after the claimant has exhausted his administrative remedies and a final decision has been issued by the Commissioner of Social Security. Under the relevant statute,

[a]ny individual, after any *final decision* of the Commissioner of Social Security made *after a hearing to which he was a party,* ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added).

To obtain a "final decision" for purposes of Section 405(g), a claimant must exhaust a four-step administrative review process: (1) an initial determination, in which the SSA decides whether to grant benefits; (2) reconsideration, if the claimant wishes to contest the initial determination; (3) a hearing before an ALJ; and (4) Appeals Council review, if the claimant wishes to contest the ALJ's decision. 20 C.F.R. § 404.900(a); *see also, e.g, Moses,* 2013 WL 5663071, at *2 ("Only after a plaintiff has completed these steps and obtained a decision from the Appeals Council will the decision become "final" and potentially eligible for federal district court review."); *Maloney v. Soc. Sec. Admin.,* No. 02 Civ. 1725(JFB) (SMG), 2006 WL 1720399, at *5 (E.D.N.Y. June 19, 2006) (explaining that a claimant must complete the four steps in order to exhaust the administrative review process), *aff'd,* 517 F.3d 70 (2d Cir.2008).

In order to satisfy the third step—a hearing before an ALJ—a claimant must be party to an actual hearing on the merits of his case. Absent a hearing on the merits, a claimant has not exhausted the administrative review process, and a "final decision" has not been issued, thereby precluding the district court from reviewing the claim. *See Moses,* 2013 WL 5663071, at *2 ("The Second Circuit interprets Section 405(g) to grant jurisdiction to review an SSA decision only if that decision follows an actual hearing on the merits."); *Califano v. Sanders,* 430 U.S. 99, 108 (1977) ("[42 U.S.C. § 405(g) ] clearly limits judicial review to a particular type of agency action, a 'final decision of the [Commissioner] made after a hearing.' " (citation omitted)).

Thus, if a request for a hearing is dismissed because the claimant failed to attend the hearing without

Steadman v. Colvin, Not Reported in F.Supp.3d (2015)
Case 7:13-cv-04398-KMK   Document 24   Filed 09/21/16   Page 38 of 44
2015 WL 4393022

showing good cause for his absence, the initial disability determination made by the SSA becomes a binding decision, but it is not considered a "final decision" pursuant to 42 U.S.C. § 405(g), such that it may be challenged in the district court. *Moses,* 2013 WL 5663071, at *2. *See, e.g., Guerra,* 2013 WL 3481284, at *2 (S.D.N.Y. July 1, 2013) ("Dismissal for failure to appear at the hearing does not constitute a final decision on the merits and consequently cannot be reviewed under 42 U.S.C. § 405(g)." (citing *Milazzo ex rel. Rodriguez v. Barnhart,* No. 05 Civ. 9218(HB), 2006 WL 2161781, at *1 (S.D.N.Y. Aug. 1, 2006)); *Hatcher v. Barnhart,* No. 06 Civ. 999(JG), 2006 WL 3196849, at *3 (E.D.N.Y. Nov. 4, 2006) ("[A]n ALJ's dismissal of a disability claim for failure to appear at a hearing ... [i]s not an agency action subject to judicial review under § 405(g)."); *Plagianos v. Schweiker,* 571 F.Supp. 495, 497 (S.D.N.Y.1983)) ("Pursuant to the limiting language of 42 U.S.C. § 405(g), to invoke district court review of the agency proceedings there must have been a hearing before the agency to which the claimant was a party, and a rendition of a decision on the merits....").

**\*5** Section 405(g) is the exclusive remedy for seeking judicial review of a denial of Social Security benefits. *See* 42 U.S.C. § 405(h) (stating that "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal or governmental agency except as provided herein").

### C. *Waivers and Exceptions to* 42 U.S.C. § 405(g)

"Although the administrative steps prescribed by the Commissioner of Social Security must be exhausted in order to obtain a final decision, this requirement is waivable by the Commissioner or the court in certain circumstances." *Maloney,* 2006 WL 1720399, at *5. Waiver of the exhaustion requirement may occur when: (1) the claim is collateral to a demand for benefits; (2) the exhaustion of remedies would have been futile; and (3) a plaintiff would suffer irreparable harm if required to exhaust administrative remedies. *See id.* When evaluating the factors for waiver, "[n]o one element is critical to the resolution of the [exhaustion] issue; rather, a more general approach, balancing the competing considerations to arrive at a just result, is in order." *Pavano v. Shalala,* 95 F.3d 147, 150 (2d Cir.1996) (citing *New York v. Sullivan,* 906 F.2d 910, 918 (2d Cir.1990)).

Additionally, if a plaintiff has raised a "colorable constitutional claim" relating to an agency decision, the federal court will have subject matter jurisdiction over the claim, regardless of the plaintiff's failure to attend an administrative hearing. "Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions." *Califano,* 430 U.S. at 109 (1977); *see, e.g., Hatcher,* 2006 WL 3196849, at *3 (providing an "exception for the exercise of subject matter jurisdiction pursuant to § 405(g) over 'colorable constitutional claims' "); *Milazzo ex rel. Rodriguez v. Barnhart,* No. 05 Civ. 9218(HB), 2006 WL 2161781, at *2 (S.D.N.Y. Aug. 1, 2006) (finding the court lacked subject matter jurisdiction over plaintiff's claim where plaintiff did not appear at a benefits hearing and failed to raise a constitutional issue).

### II. *DEFENDANT'S MOTION TO DISMISS*

Defendant argues that, because Plaintiff failed to appear at his scheduled ALJ hearing to contest the SSA's initial denial of his SSI benefits, Plaintiff failed to exhaust his administrative remedies pursuant to Section 405(g), and this Court lacks subject matter jurisdiction to review Plaintiff's claim. (*See generally* Def. Mem.) Under the statutory framework set out above, this argument is persuasive.

Construing the *pro se* pleadings in this case liberally, as this Court is required to do, *see Guerra* 2013 WL 3481284, at *2, it appears that Plaintiff attempted to follow proper SSA procedures. In that regard, after receiving the initial denial of his SSI claim, Plaintiff properly requested reconsideration and a hearing before an ALJ. *(See* Dkt. 13–2.) Nonetheless, by failing to appear at the hearing that was then scheduled—without demonstrating good cause for his absence—Plaintiff failed to exhaust his administrative remedies.

**\*6** Although, as noted above (*see supra* at n. 2), neither party has provided this Court with a copy of the Notice of Hearing that was initially sent to Plaintiff, the ALJ's decision recites that this Notice was mailed to Plaintiff on February 14, 2013 (*see* Order of Dismissal), which was more than one month before the scheduled March 22, 2013 hearing, and that a second copy of the Notice was mailed to Plaintiff on March 6, 2012 (*id.*), more than two weeks before the hearing date. The ALJ's decision further indicates that the Notice of Hearing advised Plaintiff of

the time and place of the hearing (*See id.*), and that the Notice also "contained an explanation of the procedures for requesting a change in the time and place of the claimant's hearing and a reminder that failing to appear at his scheduled hearing without good cause could result in dismissal of the claimant's request for hearing" (*id.*). Plaintiff's papers are devoid of any suggestion that he did not receive the Notice of Hearing. Moreover, as he must have received a copy by mail of the ALJ's dismissal of his Request for Hearing (given that he then timely requested review of the dismissal), it seems unlikely that, during the relevant period, Plaintiff was unable to receive service by mail.

Plaintiff had the opportunity to explain his failure to appear at the ALJ hearing to the Appeals Council. [4] Yet, although Plaintiff, through his representative, requested review of the dismissal of his Request for Hearing (*see* Dkt. 13–4), he apparently provided no such explanation, instead submitting documentation relating to the merits of his disability claim (*see supra* at n. 3). The Appeals Council then denied Plaintiff's request for review because the information provided by Plaintiff did not "provide a basis for changing the Administrative Law Judge's dismissal." (*See* Dkt. 13–5.) By upholding the ALJ's dismissal of Plaintiff s Request for Hearing, the Appeals Council effectively left in place the SSA's initial denial of Plaintiff s request for benefits. Plaintiff has now asked this Court to review the decision of the ALJ *(see* Dkt. 1), but, at bottom, Plaintiff's claim is for *benefits,* and the ALJ's decision here, which merely dismissed Plaintiff s Request for Hearing, was not a merits-based decision on Plaintiff's entitlement to benefits, rendered after a hearing. As such, it was not a "final decision" under Section 405(g), capable of being reviewed by this Court. In other words, Plaintiff did not exhaust his administrative remedies, and, accordingly—absent waiver of the exhaustion requirement-this Court lacks subject matter jurisdiction over his claim.

Although, as set out above, the exhaustion requirement may be waived under certain circumstances—namely, when a plaintiff's claim is collateral to a demand for benefits, when the exhaustion of remedies would have been futile, and when a plaintiff would suffer irreparable harm if the Court were not to review his claim —"[e]xhaustion is the rule, waiver the exception." *Pavano,* 95 F.3d at 150 (citing *Abbey v. Sullivan,* 978 F.2d 37, 44

(2d Cir.1992)). Here, the relevant factors weigh against finding waiver.

**\*7** First, Plaintiff's claim is not collateral to his request for SSI benefits; on the contrary, he is seeking judicial review because he alleges that he is disabled, and that the SSA thus wrongly denied him benefits.

Second, Plaintiff has made no showing that it would have been futile for him to have pursued his administrative remedies fully, prior to commencing this action. Instead, had he properly exhausted those remedies by appearing at his scheduled hearing, he would have had an opportunity to demonstrate to the ALJ why he should have been awarded benefits. In addition, if he disagreed with the ALJ's decision on the merits of his claim, he would have had an avenue for administrative appeal. In contrast, courts have held that exhaustion would have been futile in instances where, for example, a claimant sought to raise an issue that was not within the Commissioner's purview to decide. *See, e.g., Weinberger v. Salfi,* 422 U.S. 749, 767 (1975) (noting that "a hearing [would] be futile and wasteful, [when] the only issue to be resolved is a matter of constitutional law concededly beyond [the Commissioner's] competence to decide").

The most compelling argument in favor of waiving the exhaustion requirement relates to the third factor— whether Plaintiff would suffer irreparable harm without this Court's review of his claim that he was improperly denied benefits. Although his current living arrangements are somewhat unclear, Plaintiff has told this Court that he has been homeless (*see* Compl. ¶ 2), that he lived on a New York City subway train for five years (*see* Dkt. 14), and that, since 2005, he has suffered from, *inter alia,* "strokes, hypertension, diabetes, [a] neurological disorder, cerebellar atrophy, [and] bipolar disorder" (*see* Compl. ¶ 4). Holding Plaintiff to the exhaustion requirement—which he may no longer be able to meet-could "potentially subject[ ][him] to deteriorating health," *New York v. Sullivan,* 906 F.2d 910, 918 (2d Cir.1990), or effectively leave him without any means to challenge the SSA's initial benefits determination. It is not entirely clear, though, that the SSA has even reached a final determination of Plaintiff s benefits claim, given the Appeals Council's representation that it was passing Plaintiff's additional medical documentation on to the appropriate SSA office for consideration, and that such consideration still appears to be pending.

In any event, the Court's concerns regarding potential "irreparable harm" are not enough to outweigh the other two factors that the Court must consider. *Cf. Sullivan,* 906 F.2d at 918 (finding waiver appropriate where all three elements were present); *Crowe v. Heckler,* 614 F.Supp. 1389, 1394 (D.Vt.1985) (finding that the "scale tips toward waiver of the exhaustion requirement" where plaintiffs "clearly demonstrated they may suffer irreparable harm" if forced to exhaust their administrative remedies, *and* their claim was collateral to the demand for benefits). Plaintiff has not provided the Court with any case authority—and the Court has found none through its independent research—where the exhaustion requirement was held to be waived on a record like that presented here. In this case, upon balancing all three factors, this Court concludes that there are insufficient grounds to waive exhaustion.

**\*8** Finally, Plaintiff does not present a colorable constitutional claim over which this Court would have subject matter jurisdiction. Certainly, he does not challenge the constitutionality of any of the statutes or regulations applicable to his case, or claim that the SSA neglected to follow its own stated procedures. Nor does Plaintiff allege any facts that might suggest good cause for his failure to appear, or raise any other issues that might suggest that he was denied due process, such as the SSA's use of an incorrect address when trying to contact him or an inability to receive service by mail. Indeed, although Plaintiff has told this Court that, at least for a period of time, he was homeless, he does not allege that his homelessness impacted his ability to appear at the ALJ hearing, or that he did not receive the Notices of Hearing that were reportedly sent to him by the SSA at the mailing address he provided. Thus, even construing his pleading liberally, this Court can perceive no constitutional basis for exercising jurisdiction over his case. *See Guerra,* 2013 WL 3481284, at \*4 (on facts similar to those presented in this case, finding no colorable constitutional claim where plaintiff "does not challenge the SSA's policies or regulations, argue that the SSA failed to comply with its own procedures in considering her claim for benefits, or offer any reason that she did not receive the [hearing] notice-such as an incorrect address or problems with her mail service—that might suggest good cause for having failed to appear and an attendant lack of due process" (citations omitted)).

## CONCLUSION

For the foregoing reasons, I respectfully recommend that the Commissioner's motion (Dkt.11) be granted and that the Plaintiff's Complaint be dismissed in its entirety, without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6 (allowing three (3) additional days for service by mail). Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Valerie E. Caproni, United States Courthouse, 40 Centre Street, Room 240, New York, New York 10007, and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, Room 1660, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Caproni. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBEJCTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See Thomas v. Arn,* 474 U.S. 140, 155 (1985); *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.1992); *Wesoleh v. Canadair Ltd.,* 838 F.2d 55, 58 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237–38 (2d Cir.1983).)

**\*9** If Petitioner does not have access to cases cited herein that are reported only on Westlaw, he may request copies from Defendant's counsel. (*See* Local Civ. R. 7.2 ("Upon request, counsel shall provide the *pro se* litigant with copies of [cases and other authorities cited therein that are unpublished or reported exclusively on computerized databases] as cited in a decision of the Court and were not previously cited by any party.").)

SO ORDERED.

Filed April 23, 2015.

**All Citations**

Not Reported in F.Supp.3d, 2015 WL 4393022

**Footnotes**

1    The following facts are taken from the Complaint and from certain Social Security Administration documents submitted by Defendant.

2    Although this Court has not been provided with a copy of the Notice of Hearing, the ALJ's eventual dismissal of that Request states that the Notice was sent to Plaintiff's "last known address" (*see* Nicoll Decl., Ex. 3 (Order of Dismissal dated Mar. 22, 2013 ("Order of Dismissal")) (Dkt.13–3)), and Defendant's brief asserts that the Notice was sent to Plaintiff's Lawrence Street address (*see* Memorandum of Law in Support of the Commissioner's Motion to Dismiss the Complaint, dated Jan. 5, 2013 ("Def.Mem.") (Dkt.12), at 2).

3    In the Notice of Appeals Council Action (Dkt.13–5), the Appeals Council summarized the information that it had received from Plaintiff, and that it was forwarding to the SSA office in

    Yonkers:

        We also looked at the medical records from Saint Lukes [sic] Roosevelt Hospital Center from January 14, 2011 through December 20, 2013; a letter from John Sheehan, LMSW, dated May 12, 2014; the Discharge Instructions from Lenox Hill Hospital, dated May 6, 2014; the Laboratory Tests an[d] Imaging Studies from St. Lukes [sic] Emergency Department, dated April 17, 2014; a TWIMC Note from the Medical Clinic, dated April 14, 2014; the medical records from Weiler Hospital, dated April 19, 2014; the Discharge Instructions from Queens Hospital Center, dated December 20, 2013; the Discharge Instructions from Beth Israel Hospital from November 15, 2013; the Discharge Instructions from Mount Sinai Hospital, dated November 15, 2013; the Medical Records from Joe Willie Chamberlin, MD, from May 23, 2012 through May 30, 2013; the Medical Records from FEGS from February 9, 2012 through March 2, 2012; and the Medication List from Stanley Pharmacy, dated May 29, 2012."

    (Dkt.13–5.)

4    Section 416.1457(b)(1)(h) of the Code of Federal Regulations provides that, in some instances, before dismissing a request for a hearing, an ALJ must first send a letter to the claimant requesting that the claimant establish good cause for having missed the hearing. This provision is not applicable here, however, as the Notice of Hearing sent to Plaintiff apparently informed him that his Request for Hearing could be dismissed without further notice, if he failed to appear. (*See* Dkt. 13–3 (Order of Dismissal); 20 C.F.R. § 416 .1457(b)(1)(i).)

---

**End of Document**          © 2016 Thomson Reuters. No claim to original U.S. Government Works.

2003 WL 21702285
United States District Court,
S.D. New York.

Marina URENA, Plaintiff,
v.
COMMISSIONER OF SOCIAL
SECURITY, Defendant.

No. 02 Civ.8537 DAB JCF.
|
July 23, 2003.

*REPORT AND RECOMMENDATION*

FRANCIS, Magistrate J.

**\*1** The plaintiff, Marina Urena, brings this action *pro se* pursuant to 42 U.S.C. § 405(g), seeking judicial review of a determination of the Commissioner of the Social Security Administration (the "Commissioner") that dismissed the plaintiff's request for a hearing on a claim for Supplemental Security Income ("SSI") benefits. The Commissioner has filed a motion to dismiss pursuant to Rule (12)(b)(1) of the Federal Rules of Civil Procedure, claiming that the district court lacks subject matter jurisdiction.

For the reasons stated below, I recommend that the motion be granted.

*Background*

Marina Urena filed a claim for disability benefits in September 1997. (Declaration of Yvonne K. Speights dated April 16, 2003 ("Speights Decl."), Exh. 1).[1] The Social Security Administration (the "SSA") denied both the plaintiff's initial application and her subsequent request for reconsideration. (Speights Decl., Exh. 2). In March 1998, pursuant to the SSA's guidelines, Ms. Urena requested a hearing before an Administrative Law Judge ("ALJ") challenging the SSA's determination. (Speights Decl., Exh. 5). In her application, the plaintiff indicated her mailing address as 2724 University Ave, Apt. 4D, Bronx, New York, 10468. (Speights Decl., Exh. 5). On September 15, the SSA sent the plaintiff a Hearing Notice informing her that a hearing was scheduled for October 7,

1998. This notice of hearing was sent to Ms. Urena's Bronx address. (Speights Decl., Exh. 6).

When the plaintiff failed to attend the hearing, the ALJ issued a notice directing her to provide a written statement detailing her reasons for not appearing if she wished to be eligible for another hearing. (Notice to Show Cause for Failure to Appear dated October 7, 1998 ("10/7/98 Notice to Show Cause"), attached as Exh. 8 to Speights Decl.). This notice was sent to Ms. Urena at the same address. (10/7/98 Notice to Show Cause). The plaintiff never contacted the hearing officer to explain her failure to appear, and consequently, on December 21, 1998, the ALJ issued an order of dismissal which was mailed to the plaintiff's Bronx address. (Notice of Dismissal, attached as Exh. 9 to Speights Decl.). Ms. Urena apparently did receive this notice because on January 25, 1999 she filed a request for review of the order of dismissal. (Request for Review of Hearing Decision/Order, attached as Exh. 10 to Speights Decl.).

On May 4, 2000, a hearing was held before an ALJ to determine whether the plaintiff could demonstrate good cause for her failure to attend the hearing originally scheduled for October 7, 1998. At that hearing, the plaintiff testified that she never received notice of the October 7, 1998 hearing because she had moved from the Bronx to Manhattan in late July. (Tr. 4-5).[2] The plaintiff further testified that she had advised the Bronx Social Security Office of an address change in August 1998, and she also believed that changing her address with the post office would automatically result in notification to the Office of Hearings and Appeals. (Tr. at 7). The ALJ advised the plaintiff to submit documents to corroborate her testimony, including any communication received from the Bronx Social Security Office confirming that she did provide notice of her address change. (Tr. at 15). The day after the administrative hearing, the plaintiff went to the SSA office and obtained a receipt that stated that she had been residing at "1405 Park Avenue, N.Y., 10029 since August 1998" and submitted this document to the Office and Hearings and Appeals. (Speights Decl., Exh. 15).

**\*2** On May 26, 2000, the ALJ issued an Order of Dismissal and denied the plaintiff's request for a hearing on the merits of her SSI application. (Notice of Dismissal, dated May 26, 2000 ("5/26/00 Notice of Dismissal"), attached as Exh. 16 to Speights Decl.). In the order, the

ALJ stated that the plaintiff had failed to provide any corroborating evidence that she notified her local SSI office of her change of address prior to the date that she contacted the Office of Hearings and Appeals in response to the dismissal of her hearing request. (5/26/00 Notice of Dismissal at 6). The ALJ further noted that the post-hearing documentation submitted by the plaintiff did not confirm that Ms. Urena had notified the SSA office of her change of address before she received notice of dismissal. (5/26/00 Notice of Dismissal at 6).

On July 25, 2000, the plaintiff requested that the Office of Hearings and Appeals review the 5/26/00 Order of Dismissal. (Request for Review of Hearing Decision/ Order dated July 25, 2000, attached as Exh. 17 to Speights Decl.). In her request, the plaintiff claimed that the ALJ (1) "failed to make specific findings of credibility in accordance with relevant Social Security case law" and (2) did not consider whether the plaintiff established good cause for not notifying the SSA of her address change. (Request for Review of Hearing Decision/Order at 2, 3).

On July 19,2002, the Appeals Council denied the plaintiffs's request for review. (Action of Appeals Council on Request for Review of Dismissal dated July 19, 2002, attached as Exh. 18 to Speights Decl.). The plaintiff then filed this action.

### Discussion

42 U.S.C. § 405(g) provides for limited judicial review of final decisions of the Commissioner. *See* 42 U.S.C. § 405(g). That section states, in pertinent part, that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party ... may obtain review of such decision" in a "district court of the United States." *Id.* "[The Second Circuit] has interpreted Section 405(g) to confer jurisdiction only to review the SSA's merit-based decisions following actual hearings, not SSA's procedural decisions reached without a hearing." *Tineo v. Barnhart,* No. 01 Civ. 11636, 2002 WL 31163889, at *2 (S.D.N.Y. Sept. 30, 2002) (citing *Dietsch v. Schweiker,* 700 F.2d 865, 867 (2d Cir.1983) (stating that a SSA Appeals Council dismissal predicated on a procedural default "is not reviewable by the district court because it is not a 'final decision' under § 405(g)"). Therefore, when a plaintiff's claim is "dismissed on the procedural ground of failure to appear, she cannot invoke Section 405(g) jurisdiction" to review the decision. *Tineo,* 2002 WL 31163889, at *2 (citing *Dietsch,* 700 F.2d at

867). _____ Here, although Ms. Urena did have a hearing before a ALJ, it was not a hearing addressing the merits of her SSI application. Rather, the hearing focused on whether Ms. Urena could demonstrate good cause for her failure to attend the first scheduled hearing. Ultimately, the ALJ determined that she did not establish good cause and therefore dismissed her request for a hearing on the merits. This dismissal is final and binding unless it is vacated by the ALJ or by the Appeals Council. 20 C.F.R. § 416.1459. _____ While there are certain situations where a federal court may review a claim that has not been adjudicated on the merits, none of those circumstances is applicable here. For example, courts have dispensed with the requirement of a final hearing when the plaintiff can demonstrate that her due process rights were violated because she never had a meaningful opportunity to be heard. *See Califano v. Sanders,* 430 U.S. 99, 109 (1977) (noting the "well-established principle that when constitutional questions are in issue, the availability of judicial review is presumed" under Section 405(g)); *Dixon v. Chater,* 954 F.Supp. 58, 60 (E.D.N.Y.1997) (in the absence of final decision on the merits after a hearing, a district court can retain jurisdiction where plaintiff asserts a "colorable constitutional claim"); *Scott v. Commissioner of Social Security Administration,* No. 5:02 Civ. 581, 2002 WL 31164581, at *4 (N.D.N.Y. Sept. 30, 2002) (noting that Section 405(g)'s exhaustion requirement may be waived when plaintiff makes a colorable constitutional claim). Alternatively, a court may exercise mandamus jurisdiction under 28 U.S.C. § 1361 and review a social security claim not adjudicated after a hearing on the merits if the plaintiff demonstrates that (1) she has a right to have the act at issue performed, (2) the defendant is under a clear non-discretionary duty to perform that act, and (3) the plaintiff has exhausted all other avenues of relief. *See City of New York v. Heckler,* 742 F.2d 729, 739 (2d Cir.1984); *Rivera v. Apfel,* No. 01 Civ. 0752, 2001 WL 699065, at *3 (S.D.N.Y. June 21, 2001). Here, the plaintiff does not allege that her constitutional rights were violated or that the prerequisites for mandamus jurisdiction have been met. Thus, since the plaintiff never obtained a final determination on the merits of her application, she is precluded from obtaining judicial review.

### Conclusion

**\*3** For the reasons set forth above, I recommend that the defendant's motion be granted and the complaint be dismissed. Pursuant to 28 U.S .C. § 636(b)(1) and Rules 72, 6(a), and 6(e) of the Federal Rules of Civil

Procedure, the parties shall have ten (10) days to file written objections to this report and recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Deborah A. Batts, Room 2510, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

**All Citations**

Not Reported in F.Supp.2d, 2003 WL 21702285, 89 Soc.Sec.Rep.Serv. 124

Footnotes

1    In addition to her SSI application of September 1997, Ms. Urena filed two additional applications for benefits, the first on September 13, 1999, and the second June 8, 2001. (Speights Decl., Exhs. 18, 20). On June 11, 2002, an ALJ found Ms. Urena disabled based on her June 8, 2001 application for disability benefits. (Speights Decl., Exh. 20). The plaintiff subsequently withdrew any requests for benefits from September 13, 1999 to June 8, 2001. (Speights Decl., Exh. 22). Thus, the only benefits at issue in this action are those the plaintiff would have received in connection with her initial SSI application of September 1997.

2    "Tr." refers to a transcript of the May 4, 2000 hearing which is attached as Exh. 14 to the Speights Decl.

**End of Document**                    © 2016 Thomson Reuters. No claim to original U.S. Government Works.